LA BELLE *v.* VILLAGE OF GROSSE POINTE SHORES.

1. MASTER AND SERVANT — WORKMEN'S COMPENSATION ACT — MUNICIPAL CORPORATIONS—"OFFICIAL."

   An official of an incorporated village, within the meaning of the workmen's compensation act, means one who holds a village office, an official place or position in the village created for him either by general or local legislation.

2. SAME.

   Where plaintiff was, by resolution of the council of an incorporated village, appointed "as a regular officer," his duties being general in character, and in addition to acting as policeman he was janitor of the town hall, and did other village work, but neither the charter nor ordinance of the village created a police force or provided for a policeman, the finding of the industrial accident board that plaintiff was not an officer of the village but a mere employee, within the meaning of the workmen's compensation act, *held,* correct.

Certiorari to Industrial Accident Board.  Submitted January 25, 1918.  (Docket No. 71.)  Decided June 3, 1918.

See notes in L. R. A. 1916A, 23; L. R. A. 1917D, 80.

Albert La Belle presented his claim for compensation against the village of Grosse Pointe Shores for injuries received in defendant's employ. From an order awarding compensation, defendant and the Employers' Liability Assurance Corporation, Limited, insurer, bring certiorari. Affirmed.

*Angell, Bodman & Turner* and *C. G. Dyer,* for appellants.

*Frank N. Renaud,* for appellee.

OSTRANDER, C. J. Arbitration of claimant's demand for compensation was waived and his right to compensation was immediately submitted to the industrial accident board upon stipulated facts and including a copy of the village charter.

The village of Grosse Pointe Shores, Wayne county, is incorporated under Act No. 278 of the Public Acts of 1909 (1 Comp. Laws 1915, § 2843 *et seq.*). It is provided in the act, among other things, that—

"Each village charter as hereafter adopted or amended shall provide: * * * (*f*) For the public peace and health, and for the safety of persons and property."

And, section 24, that each village may in its charter provide:

"(*c*) For the establishment of any department that it may deem necessary for the general welfare of the village and * * * (*l*) For the enforcement of all such local, police, sanitary and other regulations as are not in conflict with the general law."

Section 1 of chapter 26 of the village charter reads:

"The council shall have power to enact such ordinances and establish and enforce such regulations as they shall deem necessary to conserve the public peace and health and to provide for the safety of persons

and property, to appoint such agents or officers or boards from their own members, or otherwise, as, in its discretion, it may deem necessary to carry out such ordinances and regulations."

It does not appear whether the council enacted any ordinance or ordinances under these provisions of the charter, but does appear that on August 3, 1914, Albert La Belle, the claimant, was by resolution of the council, upon the recommendation of the president, appointed "as a regular officer with full pay of seventy-five ($75.00) dollars per month from August 1, 1914."

He did not take an oath of office. It is provided in the village charter:

"Every officer elected, or appointed, in the village, before entering upon the duties of his office, and within the time prescribed for filing his official oath, shall file with the village clerk such bond or security, as may be required by law, or by any ordinance, or resolution of the council, and with such sureties as shall be approved by the council conditioned for the due performance of the duties of his office, except that the bond or security given by the clerk shall be deposited with the treasurer."

He was subject to dismissal by the council at any time at its pleasure. The village has a limited population and La Belle, in addition to acting as a policeman or police officer, was janitor of the town hall and did some other village work, all, it is inferred, for the salary fixed in the said resolution of the council. On June 9, 1915, while riding his motorcycle on the Lake Shore road, he was struck by an automobile and injured, he at the time "acting in his capacity as a policeman."

The village had insured itself against any obligation arising on account of the workmen's compensation law with the Employers' Liability Assurance Corporation, Limited, and had filed with the industrial accident board a certificate stating that—

"The locations and character of the business operations covered by said insurance are as follows:
"Marshal,
"Highway Commissioner & Clerk,
"Road Making."
"The employment of said Albert La Balle was described in the policy as 'Marshal.'"

The only question presented to the board, and the only question presented here, is whether La Belle, when he was injured, was an officer or was a mere general servant of the corporation. The industrial accident board found as a fact that La Belle was not an officer of the village but a mere employee, that he was not an officer within the legal meaning of the word, and that his employment was that of a mere caretaker, janitor, man of all work, a general employee and that he was injured while acting as a general servant of the village.

The workmen's compensation act, section 7, pt. 1 (2 Comp. Laws 1915, § 5429), says:

"The term 'employee' as used in this act shall be construed to mean:
"1. Every person in the service of the State, or of any county, city, township, incorporated village or school district therein, under any appointment, or contract of hire, express or implied, oral or written, except any official of the State, or of any county, city, township, incorporated village or school district therein."

It is unfortunate that the legislature, in the workmen's compensation law, did not define the term "official of the State, or of any county, city, township, incorporated village or school district therein."

In *Blynn* v. *City of Pontiac*, 185 Mich. 35, we held that the claimant, a policeman of the city, was not an employee of the city and was a public officer. It appeared in that case that under power conferred in the charter an ordinance had been passed, in and by

which a police force was established and the salaries of regular policemen fixed. By the terms of the charter warrants for apprehending violators of ordinances were to be directed to the chief of police or to any police officer of the city or county of Oakland. In *McNally* v. *City of Saginaw*, 197 Mich. 106, it was held that when the city charter specifically designates *captains* as officers of the fire department and the ordinances vest them, in certain circumstances, with command at fires and authority over the property, conduct and service of citizens, they are city officials within the meaning of the workmen's compensation act.

But what is a "regular officer" in a village, the charter and ordinances of which neither of them create a police force, provide for policemen or police officers, but the charter of which does provide for the appointment of "agents, or officers, or boards" to carry out ordinances and regulations? It is elementary that there must be an office before there can be an officer. In a city having an established police force the meaning of the word policeman is well enough understood as applying to a member of the force. Commonly, there is no such officer, or office, in a township, and need be none in a small incorporated village. An *official* of an incorporated village, within the meaning of the workmen's compensation act, means one who holds a village office, an official place or position in the village created for him either by general or local legislation. Usually, when an office is created, the duties of the office are stated and the powers with which the holder of the office is invested, although by usage or common knowledge such duties and powers may perhaps be implied in aid of the legislation. In this respect, the term *general officer*, found in the resolution of the village council, cannot be certainly aided by any implications. In this case the action of the village in securing indemnity for itself does not

furnish reason for holding claimant to have been, and to have been considered, a village official within the meaning of the law.

The award will not be disturbed.

Bird, Moore, Steere, Brooke, Fellows, Stone, and Kuhn, JJ., concurred.