WHITENECK, Adm'x, v. BOARD OF COMMISSIONERS OF WOODS COUNTY.

No. 13286—Opinion Filed March 13, 1923.

(Syllabus.)

1. Master and Servant—Workmen's Compensation Law—Applicability to Municipalities.

The state, county, city, or any municipality is subject to the provisions of the Workmen's Compensation Act when engaged in any hazardous work within the meaning of the act, in which workmen are employed for wages.

2. Same—Liability of Counties.

The county is not exempt from liability under the Workmen's Compensation Act by the provisions of subdivision 5, sec. 7284, Compiled Statutes 1921, when employing laborers on bridges or highways.

3. Same—Failure of Employer to Secure Payment of Compensation—Effect on Liability—Statutes.

Under section 7286, Comp. Stat. 1921. when a person or corporation fails to secure payment of compensation for an injured employe as provided, by the act, the injured employe or his legal representatives if the injury results in death, may maintain an action in the courts for damages on account of such injury, and in such action the defendant is not entitled to plead as defense that the injury was caused by the negligence of a fellow servant, or that the employe had assumed the risk of his employment, or that the injury was due to the contributory negligence of the employe. This statute is not intended to provide for the recovery of compensation provided by the Workmen's Compensation Act, but contemplates an ordinary action for damages and limits the defense which can be made.

4. Same—Liability of County for Death of Employe.

Secton 7286 id. does not in any manner change the common law relative to liability of a state or county for the torts of its agents and employes, and inasmuch as it does not either expressly or impliedly impose liability on the county for the torts of its agents or employes, an action cannot be maintained against the county for injury resulting in the death of an employe engaged in constructing a bridge.

Error from District Court, Woods County; Arthur G. Sutton, Judge.

Action by Beulah Whiteneck, administrix. against the Board of Commissioners of Woods County for damages for death of her husband. Judgment for defendant, and plaintiff brings error. Affirmed.

C. H. Mauntel and Gus Hadwiger, for plaintiff in error.

L. Z. Lasley, Co. Atty., H. A. Noah, and J. W. Barry, for defendant in error.

COCHRAN, J. The plaintiff in error, as plaintiff below, commenced an action to recover damages from Woods county, Okla., for the death of her husband, Roy Whiteneck. The trial court sustained a demurrer to plaintiff's petition, from which action of the trial court, plaintiff has prosecuted this appeal.

The facts alleged in this petition were as follows: Roy Whiteneck was employed by Woods, county, together with six or seven other men, in the construction of a bridge on a public highway in Woods county, under the supervision of the county engineer; while Whiteneck was placing certain wooden planks in position preparatory to pouring concrete, he fell and sustained injuries from which he afterwards died. The petition further alleges that the defendant refused and failed to carry industrial insurance for the compensation of its employes for injuries sustained while engaged in such work; that the defendant was required by the Workmen's Compensation Act of Oklahoma to carry such insurance, and by reason of the refusal of defendant to provide necessary industrial insurance, plaintiff had been damaged in the sum of $40,000.

It is conceded that the general law of this state does not authorize actions for damages for personal injuries against counties; but the plaintiff relies upon certain provisions of the Workmen's Compensation Act as changing the general law as to this particular injury. It is first insisted that a person employed by the county in the building of a bridge on a public road is an employe within the provisions of the Workmen's Compensation Act, and that the county is an employer within the provisions of that act. The defendant contends that the provisions of the Workmen's Compensation Act do not apply to persons employed on the construction of bridges on public roads, because section 5, art. 1, ch. 246, Sess. Laws of 1915, provides as follows:

" 'Employment,' includes employment only in a trade, business, or occupation carried on by the employer for pecuniary gain."

This court in the case of Board of Com'rs of Pawnee county v. Whitlow, No. 13,356, decided Jan. 2, 1923, 88 Okla. 72, 211 Pac. 1021, held as follows:

"Except in certain circumstances not shown to exist in the case at bar, the state, county, or any municipality is subject to the provisions of the Workmen's Compensation Law when engaged in any harzardous work within the meaning of the act, in which workmen are employed for wages."

An referring to subdivision 5 of section 3, the court said:

"In view of all of these clear and specific provisions of the law, and that in no circumstances can a county become an employer of labor for pecuniary gain, we must conclude that subdivision 5 relied upon by counsel was either repealed by implication by the new act or originally found its way by inadvertence into this otherwise harmonious system of laws."

Following that case, we hold that the employment in the instant case came within the terms of the Workmen's Compensation Act, and that the county was subject to the provisions of such act.

The plaintiff then relies upon section 7286, Comp. Stat. 1921, which is as follows:

"The liability prescribed in the last preceding section shall be exclusive, except that if an employer has failed to secure the payment of compensation for his injured employe, as provided in this act, then an injured employe, or his legal representatives if death results from the injury, may maintain an action in the courts for damages on account of such injury, and in such an action the defendant may not plead or prove as defense that the injury was caused by the negligence of a fellow servant, or that the employe assumed the risk of his employment, or that the injury was due to the contributory negligence of the employe; provided, that this section shall not be construed to relieve the employer from any other penalty provided for in this act for failure to secure the payment of compensation provided for in this act."

In the instant case the injury resulted in death, and it is alleged in the petition that the county did not procure insurance for its employes as provided by law. The plaintiff contends that the county, being an employer within the provisions of that section, and having failed to secure payment of compensation, the legal representatives were entitled to maintain an action for damages on account of the injury. The defendant insists that the provisions of the Workmen's Compensation Act have no application to damages for injuries resulting in death, and refers to section 7378, Comp. Stat. 1921, which provides:

"It is not intended that any of the provisions of this act shall apply in cases of accidents resulting in death, and no right of action for recovery of damages for injuries resulting in death is intended to be denied or affected"

—and refers also to section 7, art. 23, of the Constitution, which provides:

"The right of action to recover damages for injuries resulting in death shall never be abrogated, and the amount recoverable

shall not be subject to any statutory limitation"

—and the defendant insists that section 7286, providing that actions may be maintained in courts for damages on account of such injury when the employer has failed to secure payment of compensation, was intended by the Legislature to provide for the collection of the compensation allowed under the schedule contained in the Workmen's Compensation Act, but was not intended to permit a recovery for damages on account of the death.

We cannot agree with this contention of the defendant. The compensation act of some of the states provides that actions may be maintained to recover the compensation to which the employe would have been entitled under the act, but our statute in specific terms provides for the recovery of damages on account of the injury, and we are of the opinion that this act was passed by the Legislature as a penalty for the failure of the employer to comply with the provisions of the law and to enable the employe to maintain a common-law action for damages aided by the provisions of the act which denies the defendant the defense that the injury was caused by the negligence of a fellow servant, that the employe assumed the risk, or that the injury was due to contributory negligence of employe. In Iowa the act goes still further and provides that it shall be presumed that the injury to the employe was the direct result and growing out of the negligence of employer, and the burden of proof shall rest upon the employer to rebut the presumption of negligence.

Having reached this conclusion, it is necessary to determine what effect this statute has on the general law as to the right to maintain an action against a county for a tort. We have observed that the Compensation Act provides a remedy for an injured employe against the county, but that section 7286 is not for the recovery of the compensation, because by the terms of the statute compensation allowed is only in cases not resulting in death, and because the constitutional provision prohibits the limitation of the amount of recovery where the injury results in death. Therefore, this section authorizes suit to be brought against the employers coming within the provisions of the Compensation Act and limits defenses which can be made. While this section permits the county to be sued, it does not attempt in any manner to change the common law relative to the liability of the county for torts of its agents or employes. In Weiker v. Annett, 44 Okla. 520, 145 Pac.

414, paragraph one of the syllabus is as follows:

"A county is purely an auxiliary of the state and is not subject to a liability which is neither expressly nor impliedly imposed by statute."

In James v. Trustee of Wellston Township, 18 Okla. 56, 90 Pac. 100, this court said:

"In the absence of the express statute imposing a liability on townships for injuries sustained from defects in highways, such townships, in this territory, are not liable in a civil action for damages for neglect of public duty in failing to keep the highways in a safe and proper condition."

And the court quoted with approval from the case of Eikenberry v. Bazaar Township, 22 Kan. 556, as follows:

"The principal question presented is whether a township in this state is liable for injuries caused by unsafe and defective highways. In the absence of an express statute imposing liability, the authorities uniformly hold that organizations such as counties, townships, school districts, road districts, and the like, though possessing corporate capacity and power to levy taxes and raise money, have been considered not to be liable for neglect of public duty. The theory of these various decisions is, in effect, that such organizations, though corporations, exist as such only for the purposes of the general political government of the state; that all the powers with which they are intrusted are the powers of the state, and all the duties with which they are charged are the duties of the states; that in the performance of governmental duties the sovereign power is not amenable to individuals, and therefore these organizations are not liable at common law for such neglect, and can only be made liable by statute."

In Davis v. State (Idaho) Ann Cas. 1918D, 911, the court said:

"The general proposition that a state cannot be sued without its consent is held by the overwhelming weight of authority; see the notes above cited; also note to McElroy v. Swart, 57 Mich. 500, 24 N. W. 766. The cases seem uniformly to hold not only that states cannot be sued without their consent, but further that, even when by constitutional provision or legislative enactment the state has permitted itself to be sued, the mere fact of permitting the suit against itself does not render the state liable for the careless or negligent acts of its servants, employes are agents, in the absence of any statute expressly fixing such liability upon the state."

In Green v. State (Cal.) 14 Pac. 610, the court said:

"But, when the state permits itself to be sued, the matter is simply referred to the courts to determine whether the claim does or does not constitute a lawful demand against the state, and in such a case, the only questions for the determination of the

court are, what has been done, and what are the legal principles by which the responsibility of the state is to be measured, and whether, applying these principles, the state should be held responsible. It consents to go before its courts, and permit the claim against it to be determined upon those settled rules of law upon which the responsibilities of ordinary parties litigant are determined; that is, as already stated, whether it has committed the act complained of, and, if so, whether, according to established rules of law, it is responsible in damages."

In order for plaintiff to maintain her action, section 7286 would have to be construed as not only authorizing the suit to be brought against the county, but as creating a liability on the part of the county for the torts of its servants and agents. State v. Hill, 54 Ala. 67; Billings v. State (Wash.) 67 Pac. 583; Riddoch v. State (Wash.) 123 Pac. 450.

It being our opinion that section 7286 does not fix the liability of the county or any other person or corporation coming within its terms, and that the action permitted to be brought under its terms not being for the purpose of recovering compensation permitted to be recovered against the county under the schedule in the Workmen's Compensation Act, an action for damages against the county for the death of its employe cannot be maintained.

The trial court was authorized in sustaining a demurrer to the petition on another ground. Section 7308, Comp. Stat. 1921, prescribed four methods by which an employer may secure compensation to an employe. Two of these methods are by procuring insurance, the third method is by agreements entered into between the employer and employe, and the fourth method is by making deposit of security with the commission. The petition alleged that the county did not provide for industrial insurance, but did not allege that the employer had failed to secure compensation under either of the other provisions of the statute. Before the employer can be subjected to the penalties prescribed by section 7286 of the statute, it is necessary that plaintiff plead and prove a failure to comply with the provisions of the statute by the employer. In passing on that question, the Supreme Court of Missouri, in construing the Oklahoma statute in the case of Osagera v. Schaff, 240 S. W. 124, used the following language:

"Whether this statutory presumption is applicable or not, we need not decide, as appellant, before he could invoke the drastic provisions of a statute, in its nature penal,

obliged to prove noncompliance with the provisions of said law. It was not sufficient for him to show that in the operation of coal mines respondent had obtained permission to carry his own risk, and that there were no other records on file with the Industrial Commission as to his course with respect to the employes of his railroad. Under the provisions of said law, he may have obtained and kept in force guaranty insurance as required by law, and in such event there would have been a compliance with the Workmen's Compensation Law. The fact that the records of the Industrial Commission were silent did not afford proof or noncompliance so as to enable appellant to invoke the penalty provisions of said law, and particularly in view of the presumption that every one does his duty. Brigham City Fruit Growers' Ass'n. v. Zolmann Produce Co. (Mo. Sup.) 220 S. W. 911."

We are of the opinion that the judgment of the trial court should be affirmed, and it is so ordered.

JOHNSON, V. C. J., and KANE, McNEILL, KENNAMER, NICHOLSON, and BRANSON, JJ., concur.