### BOARD OF COM'RS OF STEPHENS COUNTY v. HANCOCK, Adm'r.

No. 12796—Opinion Filed Dec. 18, 1923.

(Syllabus.)

1. **Master and Servant—Failure of Employer to Provide for Workmen's Compensation—Action for Damages—Defense.**

Under section 7286, Comp. Stat. 1921, when a person or corporation fails to secure payment of compensation for an injured employe as provided by the act, the injured employe, or his legal representatives if the injury results in death, may maintain an action in the courts for damages on account of such injury, and in such action the defendant is not entitled to plead as a defense that the injury was caused by the negligence of a fellow servant, or that the employe had assumed the risk of his employment, or that the injury was due to the contributory negligence of the employe. This statute is not intended to provide for the recovery of compensation provided by the Workman's Compensation Act, but contemplates an ordinary action for damages and limits the defense which can be made.

2. **Counties—Nonliability for Personal Injury to Employe.**

Section 7286, Comp. Stat. 1921, does not in any manner change the common law relative to liability of a state or county for the torts of its agents or employes, and, inasmuch as it does not either expressly or impliedly impose liability on the county for the torts of its agents or employes, an action cannot be maintained against the county for injury resulting in the death of an employe engaged in constructing a bridge.

Error from District Court, Stephens County; Cham Jones, Judge.

Action by C. W. Hancock, administrator of estate of George Hancock, against the Board of Commissioners of Stephens County. Judgment for plaintiff, and defendant brings

error. Reversed and remanded with directions.

P. D. Sullivan, Co. Atty., and J. H. Long, Asst. Co. Atty., for plaintiff in error.

J. P. Speer and R. H. Brown, for defendant in error.

COCHRAN, J. The defendant in error commenced this action to recover damages from Stephens county, Okla., for the death of George Hancock. The parties will hereinafter be referred to as plaintiff and defendant, as they appeared in the trial court.

The case was tried to a jury and judgment rendered in favor of the plaintiff, from which the defendant has appealed. The death of George Hancock occurred on June 24, 1920, while he was employed by the board of county commissioners of Stephens county in working on the public highways and bridges of said county. The petition of the plaintiff brings this case within the rule announced by this court in Whiteneck v. Board of County Commissioners of Woods County, 89 Okla. 52, 213 Pac. 865, in which this court stated:

"Under section 7286, Comp. Stat. 1921, when a person or corporation fails to secure payment of compensation for an injured employe as provided by the act, the injured employe, or his legal representatives if the injury results in death, may maintain an action in the courts for damages on account of such injury, and in such action the defendant is not entitled to plead as defense that the injury was caused by the negligence of a fellow servant, or that the employe had assumed the risk of his employment, or that the injury was due to the contributory negligence of the employe. This statute is not intended to provide for the recovery of compensation provided by the Workmen's Compensation Act, but contemplates an ordinary action for damages and limits the defense which can be made.

"Section 7286 does not in any manner change the common law relative to liability of a state or county for the torts of its agents or employes, and, inasmuch as it does not either expressly or impliedly impose liability on the county for the torts of its agents or employes, an action cannot be maintained against the county for injury resulting in the death of an employe engaged in constructing a bridge."

It is our opinion that the demurrer of the defendant to plaintiff's petition should have been sustained, and that the cause should be reversed and remanded, with directions to vacate the judgment and enter an order sustaining the demurrer to plaintiff's petition, and it is so ordered.

JOHNSON, C. J., and McNEILL. NICHOLSON, and MASON, JJ., concur.