## MASHBURN v. CITY OF GRANDFIELD et al.

No. 20661. Opinion Filed April 8, 1930.

Mounts & Chamberlin, for petitioner.

Clayton B. Pierce, J. Berry King, Atty. Gen., and Ralph G. Thompson, Asst. Atty. Gen., for respondents.

HALL, C. This is a proceeding by O. D. Mashburn to review a finding and order of the State Industrial Commission in denying him compensation under the Workmen's Compensation Act. The essential facts are as follows:

The petitioner, O. D. Mashburn, was, and had been for many years, the town marshal of the village or town of Grandfield, in this state. "Town Marshal" was the title of his position, but coupled with the duties growing out of that particular office or position was the duty of night watchman for the town. He had authority to arrest persons for infractions of the law, and his additional duties were to patrol the streets and guard the town against malefactors and unwarranted trespassers. After the business establishments closed, he tested the doors thereto to see and determine if they were locked. He also turned out the street lights at the proper time during the night or in the early morning. He enjoyed no tenure of office and was employed by the "city manager," who had authority to hire and fire at will. petitioner and other persons similarly situated.

One night, while patrolling the streets or making his "beat," some small substance, in some manner flying in the atmosphere, hit him in the eye, rupturing or breaking the skin on his eyeball, which finally resulted in the total loss of vision of the eye. Petitioner filed his application with the State Industrial Commission, asking compensation against the city and its insurance carrier, the Aetna Life Insurance Company. After a full and extended hearing on the petition, the Industrial Commission denied compensation to petitioner upon the ground that "the claimant was not engaged in an occupation at the time of the accident that comes within the intent and meaning of the Workmen's Compensation Law." Petitioner in due time filed his petition in the Supreme Court to review that order.

The questions presented are purely legal ones. The primary question to determine is whether such employment as town marshal or as night watchman (giving the petitioner an extremely liberal construction of the character of his petition) falls within any one of the classes of employment or trades protected under the Workmen's Compensation Act and enumerated in section 7284, Comp. Stat. 1921. Subdivision 3 of section 7284 of the statutes brings the employees of the "state, county, city or any municipality under the act when such employees are engaged in any **hazardous work within the meaning of this act in which workmen are employed for wages."** Subdivision 1 of the same section defines **hazardous employment and restricts it to "manual or mechanical work or labor connected with or incident to one of the industries, plants, factories, lines, occupations or trade mentioned in section 7283."** Section 7283 of the statute describes

the various hazardous employments falling within and protected by the Workmen's Compensation Law. The statute is lengthy, and it is unnecessary for us to quote in full, but it includes factories, mills, and workshops, shops where machinery is used, mines, wells, gas works, laundries, **construction and engineering work, construction of public roads,** etc.

In this list there are a number of occupations or enterprises in which a municipality may engage. For instance, the construction of public roads, engineering works, waterworks, gas works, and factories for the manufacture and distribution of electric current, are enterprises often engaged in by municipalities.

There is no language in the act to justify the conclusion or inference that a town marshal or night watchman for the streets and business enterprises or establishments within in a town comes within any provision of the statute.

Counsel for petitioner in their brief cite numerous cases where a night watchman has been subjected to the operation of the law. It is, perhaps, or may be, true that a majority of the cases hold that the duties of a night watchman are incident to the trades or employment protected by the statute, but it must be understood that, in order for a night watchman to come within the act, the **employment must be incident to some one of the trades enumerated in the law.** For instance, the statute expressly enumerates construction work or public roads or factories, and the guarding or watching the construction of some engineering enterprise for a city might be as hazardous as much of the actual work of construction. The statute expressly protects those laborers engaged in engineering and construction work, and it might be (we do not here decide) that the duties of a night watchman are incident to such work. But there is nothing in the statutes to which the patrol duty of a night watchman of a town might be incident. To make it more concrete, the petitioner in this case, in patrolling the streets, making his "beat," keeping the public peace just as any other night marshal or night policeman would do, was largely performing a government function and the Legislature has not seen fit to include this class of employment within the operation of the Workmen's Compensation Law.

There are cases from some jurisdictions holding that a policeman or night watchman to a town comes within the Workmen's Compensation Act. The conclusion reached by

the various courts in this regard is entirely dependent upon the particular or local statutes. Utah has a statute which brings a city marshal within the protection of the Compensation Law. Under such a statute, the only question for the court to decide is whether the accident or injury arose out of and in course of the employment, as was done in the case of Beaver City v. Industrial Commission of Utah, 67 Utah, 8, 245 Pac. 378.

Counsel for petitioner relies on the case of La Belle v. Grosse Pointe Shores, 201 Mich. 371, 167 N. W. 923, in which it was held by the Supreme Court of Michigan that a combination night watchman and policeman was protected by the Workmen's Compensation Laws of that state. This conclusion was reached upon the finding of the Industrial Board that he wos not an "officer" within the legal meaning of the word, and that his employment was that of a mere caretaker, janitor, man of all work, general employee, general servant of the village; and also by reason of the provisions of the Workmen's Compensation Act of that state (Acts, Ex. Sess. 1912, No. 10, pt. 1, sec. 7), which provides as follows:

"The term 'employee,' as used in this act, shall be construed to mean: 1. Every person in the service of the state, or of any county, city, township, incorporated village or school district therein, under any appointment, or contract of hire, express or implied, oral or written, except any official of the state, or of any county, city, township, incorporated village, or school district therein."

It will be thus seen that the Michigan statute does not restrict the liability of municipalities to certain employments or trades expressly designated in the statute, but their statute embraces all employees, or "all persons" under any appointment, contract of hire, express or implied, and includes everything except public officers. That is not the case with our statute. Not only has the Legislature excluded public officers, such as policemen, but have excluded other persons in the service of a municipality, except those persons performing work or work incident to some one or more of the particular trades or enterprises designated in section 7283 of the statutes.

It must be borne in mind that the Workmen's Compensation Acts are in derogation of the common law and in derogation of a common right of action in the courts. In other words, it takes from the citizen his right to be heard in the law courts upon principles and procedure almost as old as Anglo-Saxon civilization itself; and while the law will be given, and is given, a liberal construction in favor of the class for whom it was apparently, or supposedly, enacted to protect, yet the courts are without authority, and should be without authority, to extend its operation to classes and persons beyond which the Legislature has expressly or by clear implication designated.

Having reached the conclusion that, under our law, neither a town marshal nor a town watchman performing duties similar to the duties which the petitioner in this case performed, is protected by statute, the petition for review of the action of the State Industrial Commission, in finding against the petitioner, is hereby denied.

BENNETT, HERR, EAGLETON, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.