## WENTZ et al. v. BROOKSHIRE et al.

No. 21788. Opinion Filed April 28, 1931.

Rehearing Denied June 30, 1931.

Owen & Looney, Paul N. Lindsey, and J. Fred Swanson, for the petitioners.

J. Berry King, Atty. Gen., and Charles D. Reed, for the respondents.

CLARK, V. C. J. This is an original action filed in this court by petitioners to review an award made on the 2nd day of September, 1930, wherein the State Industrial Commission made and entered an award in favor of D. Brookshire for temporary total disability at the rate of $18 per week from November 12, 1929, to January 20, 1930, and continuing said award until termination of disability or until otherwise ordered by the Commission.

The record discloses that respondent, Brookshire, was injured on June 15, 1929, and that on the 3rd day of September, 1929, an agreed statement of facts was filed with the Industrial Commission and $144 paid, which agreed statement of facts was approved by the State Industrial Commission, and provided compensation from July 17, 1929, for a period of eight weeks. That on December 12, 1929, respondent, Brookshire, filed with the Industrial Commission his motion and application for a new hearing and asked that said cause be reopened and additional compensation allowed for the reason there was a change in his condition since the filing of said stipulation. The motion further alleged that respondent, Brookshire, signed the stipulation through mistake and did not intend to sign a complete release. This agreed statement of facts, when approved by the Commission, has the same force and effect as an award made by the Commission, where there had been a hearing and testimony taken.

The Commission in its order found that the cause should be reopened, and respondent awarded further compensation. The evidence supports this finding for the reason there was a change in respondent's condition for the worse.

Respondent, Brookshire, testified that his condition was considerably worse on the date of the hearing than on the date he signed the stipulation. His testimony was as follows:

"Q. Mr. Brookshire, are you any worse physically in any respect, than you were on or about September 3, 1929? A. I am, yes, sir. Q. Just tell the Commission in your own words in what respect. A. Well, I cannot stay on my limbs as long as I could, and my head bothers me some, and it bothers me more than it did, and my back and hips bother me much worse. Q. Is your arms affected any? A. Yes."

He further testified that he was not bothered with his arms prior to September 3rd.

Dr. LeRoy Long testified that he examined the claimant on January 7, 1930, and from his examination he thinks that he has some irritation of the nervous system with the brain or spinal cord or some of the nerves that leave the spinal cord; that he has tenderness at the base of the skull; tenderness of the attachment of these muscles at that point and tenderness back of the neck; that it was possible that this condition could have been caused from some lingering trouble that arose years ago that could have been activated by a previous injury; that the claimant could not close his eyes and stand still, which could be caused from a blow on the head. In stooping with his knees and hips he had stiffness caused from multiple strains of the back and lacerations of the structures of the back, and in healing caused scar tissue and stiffness; possibly not permanent if put to bed and rest. Found marked tenderness in lower dorsal region and lumbar region. That the claimant is not able to perform manual labor at this time.

Dr. LeRoy D. Long, Jr., examined claimant August 12, 1929, and also on January 11, 1930; and testified as to claimant's condition on the two examinations, and that in his last examination he made several findings that he did not find in previous examination, such as knee jerks, exaggerated and apparent inco-ordination in the test of muscle inco-ordination, and also tremor of the hands. The Romberg test was positive at this time; it was negative before. As far as his back is concerned, he is as able to work as he was before June 15, 1929, date of the accident; that he was not sure about his head.

An examination of the entire record discloses that claimant gradually grew worse, and that the condition was much worse on the date of the last hearing than it was on date the stipulation or agreed statement of facts was signed.

We agree with the contention of petitioners herein that a stipulation approved under section 7294, C. O. S. 1921, same being a stipulation of facts and award made thereon, has the same force and effect as an award on a hearing.

It certainly could not be said that the statement in the stipulation "Disability

Ended" was true, for the reason all the testimony discloses that respondent, Brookshire, was disabled at the date of the last hearing.

Proposition 2 in petitioner's brief is that the court is without jurisdiction to set aside award except for change of condition.

This is not applicable in this case, for the reason the record clearly discloses a change in conditions.

Judgment and award of the Industrial Commission is affirmed.

LESTER, C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY, J., dissents as to paragraph 2 of syllabus.