## CITY OF MUSKOGEE v. STATE INDUSTRIAL COM. et al.

No. 21743. Opinion Filed May 19, 1931.

Rehearing Denied June 30, 1931.

William B. Moore, City Atty., for petitioner.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

CULLISON, J. This is an original proceeding in the Supreme Court to review an award of the State Industrial Commission in favor of Chas. M. Kepley. The parties will be referred to as they appear in this court.

The respondent was in the employ of petitioner herein in the street and sanitary department. He had been employed in said department of the city since August 1, 1929, and prior to that time had worked for the city in varied lines of work. His duties were to sweep the streets, load said sweepings in a truck owned by petitioner, and aid in hauling the same to the dumping grounds. While engaged in said work respondent received an accidental injury on September 22, 1929.

The question for determination is whether the city of Muskogee is liable under the Workmen's Compensation Law for an injury to an employee working in the street and sanitary department.

The city denied liability under said law.

Section 7283, C. O. S. 1921, as amended (Sess. Laws 1923, c. 61, sec. 1), provides:

"Compensation provided for in this act shall be payable for injuries sustained by employees, engaged in the following hazardous employments, to wit: Factories, cotton gins, mills and work shops where machinery is used; printing, electrotyping, photo-engraving and stereotyping plants where machinery is used; foundries, blast furnaces, mines, wells, gas works, gasoline plants, oil refineries and allied plants and works, water works, reduction works, elevators, dredges, smelters, powder works, glass factories, laundries operated by power, creameries operated by power, quarries, construction and engineering works, construction and operation of pipe lines, tanneries, paper mills, transfer and storage, construction of public roads, wholesale mercantile establishments, employees employed exclusively as clerical workers excepted; operation and repair of elevators in office buildings; logging, lumbering, lumber yards, street and interurban railroads not engaged in interstate commerce, buildings being constructed, repaired or demolished, farm buildings and farm improvements excepted; telegraph, telephone, electric light or power plants or lines; steam heating or power plants and railroads not engaged in interstate commerce."

Section 7284, C. O. S. 1921, as amended (Sess. Laws 1923, c. 61, sec. 2), contains the following definitions:

"1. 'Hazardous employment' shall mean manual or mechanical work, or labor, connected with or incident to one of the industries, plants, factories, lines, occupations or trades mentioned in section 7283, except employees engaged as clerical workers exclusively, and shall not include any one engaged in agriculture, horticulture, or dairy or stock raising, or in operating any railroad engaged in interstate commerce. * * *"

"5. 'Employment' includes employment only in a trade, business, or occupation carried on by the employer for pecuniary gain."

We observe that section 7283, above quoted, lists the various classes of industry that are covered by the Workmen's Compensation Law. All of the industries specified, in which municipalities engage, are such industries in which a municipality engages in its corporate capacity.

We also observe that in the definitions as set out by the statute quoted above, "hazardous employment" is defined as manual or mechanical work or labor connected with or incident to one of the industries, plants, factories, lines, occupations, or trades mentioned in section 7283, C. O. S. 1921, as amended, with certain exceptions therein stated, and the word "employment" is further defined as including "employment only in a trade, business, or occupation carried on by the employer for pecuniary gain."

It was the intention of the Legislature to include the trades or businesses operated for pecuniary gain and none other. They, in turn, could add the cost of their protection to the cost of the commodity produced and the public aids those persons injured while engaged in said hazardous industries.

The question under consideration has never been passed on by this court so far as we can ascertain. However, this court, in the case of Mashburn v. City of Grandfield, 142 Okla. 247, 286 Pac. 789, held, that under C. O. S. 1921, sections 7283 and 7284:

"A municipality becomes subject to the obligations imposed by the Workmen's Compensation Act only when such municipality is engaged in one of the hazardous occupations described or enumerated in said section 7283 of the statutes."

And in said case the court held that a city marshal, or nightwatchman, did not come within the scope of the Workmen's Compensation Act, because he was performing a governmental function.

Also, in the case of Ponca City v. Grimes, 144 Okla. 31, 288 Pac. 951, this court held that:

"A teamster engaged in hauling fertilizer for the upkeep of a public park is not an employee of the city as a workman for wages engaged in one of the hazardous occupations enumerated in the Workmen's Compensation Act, and, if injured in the course of his duties as such teamster, the Industrial Commission has no jurisdiction to award him compensation."

The city government has two divisions of authority and liability, the one being governmental and the other corporate.

This court, in the case of Oklahoma City v. Baldwin, 133 Okla. 289, 272 Pac. 453, lays down the rule applicable thereto in the first paragraph of the syllabus, which is as follows:

"A city has two classes of powers—the one legislative, public, governmental, in the exercise of which it is a sovereignty and governs its people; the other, proprietary, quasi private, conferred upon it, not for the purpose of governing its people, but for the private advantage of the inhabitants of the city and of the city itself as a legal personality."

And, in the body of the opinion, the court said further:

"It is fundamental that the acts of a municipality are divided into two divisions, one governmental and the other corporate. If the acts of the agents of the municipality are performed while acting in a governmental capacity for said city, the city is not liable for the negligent acts of its agents, but the city is liable for such acts of its officers or agents when acting in a corporate capacity."

We note that the court makes a distinction between the functions of a city that are governmental and those that are corporate.

When a municipality enters into the field of business enterprise, it assumes the same liability and responsibilities as an individual engaged in the same business enterprise.

The municipality enters said business enterprise in its corporate capacity. Section 7283, C. O. S. 1921, as quoted above, names the following "hazardous employments" in which a municipality may be engaged: 'Water-works * * * construction and engineering works, * * * construction of public roads, and electric light or power plants or lines."

And where a municipality is engaged in any of the above-mentioned hazardous employments as defined by statute, then said municipality would be liable under the Workmen's Compensation Law for accidental injuries received by employees while engaged in said employment. But if the injured employee is not engaged in one of the hazardous employments as quoted above, then said employee would not come within the scope of the Workmen's Compensation Law.

This court laid down said principle of law in the Mashburn Case, quoted above, wherein the court said:

"It must be borne in mind that the Workmen's Compensation Acts are in derogation of the common law and in derogation of a common right of action in the courts. In other words, it takes from the citizen his right to be heard in the law courts upon

principles and procedure almost as old as Anglo-Saxon civilization itself; and while the law will be given and is given a liberal construction in favor of the class for whom it was apparently or supposedly enacted to protect, yet the courts are without authority, and should be without authority, to extend its operation to classes and persons beyond which the Legislature has expressly or by clear implication designated."

The respondent in this case was in the employ of the city of Muskogee. He was engaged in sweeping the streets in order to keep the streets in a clean and healthful condition. This would fall within the governmental powers of the city, in that it is the duty of the city to keep its streets in a clean, safe, and healthful condition for the benefit and protection of the citizens thereof. The city was not engaged in street cleaning for gain or profit, and since no gain or profit was derived therefrom, said street cleaning is a function of the municipality in its governmental capacity. There can be no construction placed upon the work of respondent so as to place it within the line of work mentioned as the corporate function of the city.

After full consideration of the law in this case and the holdings of this court in connection therewith, we are forced to hold, and do so hold, that the employment was not such as to come within the scope of the Workmen's Compensation Law. The award of the State Industrial Commission is reversed, with directions that said cause be dismissed.

RILEY, HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and CLARK, V. C. J., dissent.