**BARR et al. v. BURRUS et al.**

No. 23071. Opinion Filed March 29, 1932.

Hal Crouch and Philip N. Landa, for petitioners.

P. A. Sompayrac, for respondents.

SWINDALL, J. The record in this case shows that on July 30, 1931, J. H. Burrus, otherwise known and designated in the record as Henry Burrus, John Henry Burrus, and John H. Burrus, filed before the State

Industrial Commission a claim for compensation, in which he states that, on May 24, 1931, he received an accidental personal injury at Bartlesville, Okla., while in the employ of W. R. Barr, engaged in collecting trash and garbage in the city of Bartlesville, Okla. W. R. Barr was engaged in the collection of trash and garbage in the city of Bartlesville, being under contract with the city to haul and dispose of the trash and garbage and doing the work of the city sanitary disposal department. Testimony was taken at Bartlesville, Okla., on September 10, 1931. On October 23, 1931, upon consideration of the evidence, the State Industrial Commission found that on the 24th day of May 1931, the claimant was in the employ of the respondent and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law, and awarded compensation to the claimant. From this award the respondents have commenced this proceeding to review the findings and award of the State Industrial Commission.

It is the contention of the petitioners that the claim of the respondent does not come within the terms and provisions of the Workmen's Compensation Law. From an examination of the record, we are of the opinion that this contention should have been sustained by the State Industrial Commission, and must be sustained by this court.

We held, in City of Ponca City v. Grimes, 144 Okla. 31, 288 P. 951, that:

"A teamster engaged in hauling fertilizer for the upkeep of a public park is not an employee of the city as a workman for wages engaged in one of the hazardous occupations enumerated in the Workmen's Compensation Act, and, if injured in the course of his duties as such teamster, the Industrial Commission has no jurisdiction to award him compensation."

We also held, in City of Muskogee v. State Industrial Commission, 150 Okla. 94, 300 P. 627, that:

"A person engaged in the street and sanitary department of a municipality is not an employee of the city as a workman for wages engaged in one of the hazardous occupations enumerated in the statutes; and, if injured in the course of his duties as such employee, is not entitled to recover compensation under the Workmen's Compensation Act."

In Gypsy Oil Co. v. Keys, 147 Okla. 148, 295 P. 612, we held that:

"Section 7283, C. O. S. 1921, as amended by section 1, ch. 61, Session Laws 1923, enumerates and designates the classes of industries and business enterprises which come within the meaning of the Workmen's Compensation Law."

And that:

"Owners or operators of motor trucks hauling property for the public for compensation and authorized to operate as 'motor carriers' under 'class B' permits granted by the Corporation Commission under chapter 253, Session Laws 1929 (Sp. Sess.), do not come within the meaning of the industries and business enterprises covered by the Workmen's Compensation Law."

And that the:

"Term 'transfer and storage' in provision for compensation in designated employments does not include 'motor carriers.' "

This question was fully discussed and settled by the decision of this court in Brinks Express Co. v. Foster, 154 Okla. 255, 7 P. (2d) 142. What we stated in that case applies with equal force to the case at bar, and we do not deem it necessary to further discuss the same here.

Under the authorities above cited, we hold that the employment of the respondent, Henry Burrus, did not come within the terms and provisions of the Workmen's Compensation Law, and that the award must be vacated and set aside, and the cause remanded to the State Industrial Commission, with directions to dismiss the claim, and it is so ordered.

LESTER, C. J., and HEFNER, CULLISON, ANDREWS, and KORNEGAY, JJ., concur. CLARK, V. C. J., and RILEY and McNEILL, JJ., absent.