## CITY OF TULSA et al. v. HUNT et al.

No. 23987. Opinion Filed June 6, 1933.

Rehearing Denied July 12, 1933.

Jas. C. Cheek and Frank E. Lee, for petitioners.

Dewberry & Warren, for respondent James M. Hunt.

CULLISON, V. C. J. This is an original proceeding to review an award of the State Industrial Commission in favor of J. M. Hunt, claimant, rendered July 28, 1932. The record discloses that claimant was employed by the city of Tulsa as a plumbing inspector. Claimant alleges that he received an injury while in the employ of petitioner on September 29, 1930, and as a result of said injury he was disabled. The record further shows that claimant continued in the employ of the city of Tulsa as plumbing inspector until the change of city administrations, at which time he was let out of the city's employment. A hearing was had before the State Industrial Commission, and at the conclusion thereof the Commission found that claimant was injured while engaged in a hazardous occupation covered by the Workmen's Compensation Law; that he had been disabled since September 29, 1930, to July 15, 1932, but was paid his wages in lieu of compensation; that claimant now has a permanent partial disability reducing his earning capacity from $225 to $100 per month; and ordered petitioners to pay compensation at the rate of $18 per week for a period not to exceed 300 weeks.

Petitioners contend:

"The employment in which claimant was engaged and the duty which the city performed by its plumbing inspector is not a hazardous employment coming under the Compensation Act. The city was engaged in a governmental function. The Industrial Commission has no jurisdiction."

The question raised by the proposition submitted by petitioners, to wit, whether or not the Commission had jurisdiction because the city was engaged in a governmental function, and that the employment was not hazardous employment coming within the Compensation Act, has been before this court and passed upon in the case of City of Muskogee v. State Industrial Commission et al., 150 Okla. 94, 300 P. 627, and after reviewing the applicable sections of the Compensation Law and the various decisions touching upon the distinction between the liability of a municipality when engaged in its corporate capacity and when said municipality is engaged in a governmental capacity, the court said:

"The municipality enters said business enterprise in its corporate capacity. Section 7283, C. O. S. 1921, as quoted above, names the following 'hazardous employments' in which a municipality may be engaged: 'Waterworks * * * construction and engineering works, * * * construction of public roads, (and) electric light or power plants or lines.'

"And where a municipality engaged in any of the above-mentioned hazardous employments as defined by statute, then said municipality would be liable under the Workmen's Compensation Law for accidental injuries received by employees while engaged in said employment. But if the injured employee is not engaged in one of the hazardous employments as quoted above, then said employee would not come within the scope of the Workmen's Compensation Law.

"This court laid down said principle of law in the Mashburn Case (Mashburn v. City of Grandfield et al., 142 Okla. at page 249, 286 P. at page 789), quoted above wherein the court said: 'It must be borne in mind that the Workmen's Compensation Acts are in derogation of the common law and in derogation of a common right of action in the courts. In other words, it takes from the citizen his right to be heard in the law courts upon principles and procedure almost as old as Anglo-Saxon civilization itself; and while the law will be given and is given a liberal construction in favor of the class for whom it was apparently or supposedly enacted to protect, yet the courts are without authority, and should be without authority, to extend its operation to classes and persons beyond which the Legislature has expressly or by clear implication designated'."

The decision of the court just cited goes into the matter of the liability of a municipality when engaged in either its corporate capacity or its governmental capacity, and we do not consider it necessary to restate all of the matters set out in the former opinion but rely upon the same in this decision.

We observe that the claimant in this case was in the employ of the city of Tulsa. He was engaged as a plumbing inspector. It is the duty of the plumbing inspector to inspect the plumbing in construction work being constructed within the limits of the city of Tulsa. Under section 8953, C. O. S. 1921, it is mandatory that the city provide this service. Claimant was performing the regular prescribed duties as designated by

the statute at the time of his alleged injury. He was a person engaged in the governmental work of the city of Tulsa. He was not an employee engaged in hazardous employment by the city of Tulsa, but, on the contrary, was working in a governmental capacity. If claimant had been employed in one of the lines of industry designated as hazardous, in which a municipality may engage, then claimant would have authority to support his claim, but since he was not so employed, but was engaged in the regular governmental functions of the city of Tulsa, he comes squarely within the rule announced by this court in the case of City of Muskogee v. State Industrial Commission et al., supra, and that decision of this court in said case is decisive of this appeal.

The petition to vacate the award of the State Industrial Commission is granted, with directions to the State Industrial Commission to dismiss said claim for lack of jurisdiction.

RILEY, C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur.