## BOARD OF COM'RS OF GARFIELD COUNTY et al. v. SIMS et al.

No. 24531.   Nov. 21, 1933.

Rehearing Denied Dec. 12, 1933.

Jas. C. Cheek, Frank E. Lee, and Ray Teague, for petitioners.

G. C. McBride, Jeffrey & Fry, J. Berry King, Atty. Gen., and Robt. D. Crowe, Asst. Atty. Gen., for respondents.

BAYLESS. J. W. E. Sims, hereinafter called claimant, was employed by the board of county. commissioners of Garfield county, Okla., hereinafter called petitioner, whose insurance was carried by the Commercial Casualty Insurance Company. The petitioner and its insurance carrier seek a review of an award made by the State Industrial Commission in favor of the claimant.

The facts of the employment and work actually being done in this case, out of which the accidental personal injury arose, while disputed and in conflict, nevertheless are as found by the State Industrial Commission, and are succinctly stated by the claimant in his brief, as follows:

"So, while claimant was generally and regularly employed in the road and bridge department, he was assigned to assist in the moving of a poultry house on the poor farm by loading the bridge timbers at the highway bridge and carrying them to the poor farm."

The conclusion of law of the Commission, that the accidental personal injury sustained arose out of and in the course of a hazardous employment, is questioned.

While the petitioner divides its argument into subdivisions, the question decisive of this case may be stated in the language of the claimant in his brief:

"An employee, who devotes the major portion of his time to one of those trades or employments enumerated in section 7283, C. O. S. 1921, as amended, if otherwise entitled thereto, will be entitled to compensation even though he may have been engaged in a nonhazardous employment at the immediate time of his injury."

This court has laid down the rule in the case of City of Muskogee v. State Industrial Commission, 150 Okla. 94, 300 P. 627, as follows:

"It was the intention of the Legislature to include the trades or businesses operated for pecuniary gain and none other. They in turn, could add the cost of their production to the cost of the commodity produced and the public aids those persons injured while engaged in said hazardous industries.

"The question under consideration has never been passed on by this court so far as we can ascertain. However, this court, in the case of Mashburn v. City of Granfield, 142 Okla. 247, 286 P. 789, held that under C. O. S. 1921, sections 7283 and 7284:

"'A municipality becomes subject to the obligations imposed by the Workmen's Compensation Act only when such municipality is engaged in one of the hazardous occupations described or enumerated in said section 7283 of the statutes.' * * *

"This court, in the case of Oklahoma City v. Baldwin, 133 Okla. 289, 272 P. 453, lays down the rule applicable thereto in the first paragraph of the syllabus, which is as follows:

"'A city has two classes of powers—the one legislative, public, governmental, in the exercise of which it is a sovereignty and governs its people; the other, proprietary, quasi private, conferred upon it, not for the purpose of governing its people, but for the private advantage of the inhabitants of the city and of the city itself as a legal personality.'

"And, in the body of the opinion, the court said further:

"'It is fundamental that the acts of a municipality are divided into two divisions, one governmental and the other corporate. If the acts of the agents of the municipality are performed while acting in a governmental capacity for said city, the city is not liable for the negligent acts of its agents, but the city is liable for such acts of its officers or agents when acting in a corporate capacity.'

"We note that the court makes a distinction between the functions of a city that are governmental and those that are corporate.

"When a municipality enters into the field of business enterprise. it assumes the same liability and responsibilities as an individual engaged in the same business enterprise.

"The municipality enters said business enterprise in its corporate capacity. Sec-

tion 7283, C. O. S. 1921, as quoted above, names the following 'hazardous employments' in which a municipality may be engaged: 'Water-works * * * construction and engineering works, * * * construction of public roads, and electric light or power plants or lines.' * * *

"The respondent in this case was in the employ of the city of Muskogee. He was engaged in sweeping the streets in order to keep the streets in a clean and healthful condition. This would fall within the governmental powers of the city, in that it is the duty of the city to keep its streets in a clean, safe and healthful condition for the benefit and protection of the citizens thereof. The city was not engaged in street cleaning for gain or profit, and since no gain or profit was derived therefrom, said street cleaning is a function of the municipality in its governmental capacity. There can be no construction placed upon the work of respondents so as to place it within the line of work mentioned as the corporate function of the city."

It can be seen from a reading of the above quotation that a county is engaged in a business function, as distinguished from a governmental function, when it is engaged in building, repairing or keeping up its public roads, including bridges, through its own agents, servants, and employees. Therefore, when the claimant was engaged in a duty distinctly appertaining to or connected with this class of work, he was engaged in a hazardous enmployment.

However, as stated above, a municipal subdivision of a state may have two separate and distinct divisions of duties and powers, which leads us into a consideration of the cases decided by this court involving the Workmen's Compensation Law in which an employer has separate or distinct departments of a business, some of which can be classified as hazardous employments within the meaning of the Workmen's Compensation Law, and some of which cannot be so classified. In these cases the court has always tried to keep clearly in mind the character of these employments and to permit the award of compensation for injuries sustained in the department falling within the hazardous employment and to deny the compensation otherwise.

The duty, mandatory and not discretionary, to care for the poor, is imposed upon counties by the provisions of chapter 35, art. 10, O. S. 1931. It is not for profit or pecuniary gain. It is a governmental function.

The cases cited by the claimant, and other cases apparently sustaining the contention above made, are: Ft. Smith Air Craft Co. v. State Industrial Commission, 151 Okla. 67, 1 P. (2d) 682; Okla-Ark. Telephone Co. v. Fries, 128 Okla. 295, 262 P. 1062; Sunshine Food Stores v. Morehead, 153 Okla. 301, 5 P. (2d) 1066; and Pawnee Ice Cream Co. v. Price, 164 Okla. 120, 23 P. (2d) 168. These cases apparently are in conflict with Southwestern Grocery Co. v. State Industrial Commission, 85 Okla. 248, 205 P. 929, Ferris v. Bonitz, 149 Okla. 129, 299 P. 473, and other cases. In each of these cases above cited, the facts, as we have been able to deduce them, show that the employee was engaged in the performance of duties falling within and without the scope of hazardous employment, that these duties were performed indiscriminately, interchangeably, and continuously during the same working day or period. Whatever may be the confusion between these cases, if there is any, or the line of demarcation between them, if there is any, we are not called upon to search out and determine in this case. We do not believe that they are controlling in this particular case in view of the facts.

Our reasons for this statement are: (1) That the line of demarcation between the two divisions of employment in this case is too plain; (2) the time for the performance of the duties, the manner of the performance of the duties, and the general location of the work to be done are so separate and distinct in this case as to present no difficulty in the determination thereof; and (3) the class of work being performed at the time is clearly of such a character not to fall within the provisions of the Workmen's Compensation Law even if it was hazardous; that is, it is clearly an employment or duty, hazardous or otherwise, for which it was never the intention of the Legislature that the county should be liable under the Workmen's Compensation Law.

Therefore, under the authority of Mashburn v. City of Grandfield, 142 Okla. 247, 286 P. 789; Barr v. Burrus, 156 Okla. 137, 9 P. (2d) 924; Ponca City v. Grimes, 144 Okla. 31, 288 P. 951, and City of Muskogee v. State Industrial Commission, supra, we hold that the employment which the claimant was engaged in and the duties appertaining thereto, at the time of the injury, relate to a governmental function of the county of Garfield, and therefore a govern-

mental function for which it is not liable for injury to its employees under the Workmen's Compensation Law.

The award of the Commission is therefore vacated.

RILEY, C. J., and SWINDALL, McNEILL, OSBORN, BUSBY, and WELCH, JJ., concur. CULLISON, V. C. J., and ANDREWS, J., absent.