## PAYTON v. CITY OF ANADARKO et al.

No. 27228.   Jan. 26, 1937.

McFadyen & McFadyen, for petitioner.

Sam L. Wilhite and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. Claimant, as petitioner, seeks to vacate the order of the State Industrial Commission denying an award for a personal injury received March 19, 1935, while in the employ of the city of Anadarko and while engaged in working in the sewer department of such city. Petitioner relies upon Board of County Commissioners v. Whitlow, 88 Okla. 72, 211 P. 1021, and Whiteneck, Adm'x, v. Board of Commissioners of Woods County, 89 Okla. 52, 213 P. 865, while the respondent cites and relies upon the City of Muskogee v. State Industrial Commission, 150 Okla. 94, 300 P. 627. Petitioner states that those cases are in apparent conflict and that the latter opinion overlooked the former opinions.

Subsequent to those opinions we decided the case of Board of Commissioners of Tulsa County v. Bilby, 174 Okla. 199, 201, 50 P. (2d) 398, 400, in which these cases above cited, together with many others by this court, were analyzed and the apparent confusion in some of the opinions noted as follows:

"Subsequent to these decisions in the above cases, in the case of Oklahoma City v. Foster, 118 Okla. 120, 247 P. 80, 47 A. L. R. 822, and Oklahoma City v. Baldwin, 133 Okla. 289, 272 P. 453, this court had occasion to distinguish between the corporate and governmental functions of a municipal-ity and the resulting liability or nonliability depending upon the capacity in which the municipality was acting at the time, and these decisions have tinged some of the subsequent decisions of this court involving the provisions of the Workmen's Compensation Law so that at first glance there appears to be some confusion in the rule to be followed. For this reason we deem it advisable at this time to briefly review the prior decisions of this court and to restate the applicable rule so that no confusion can in the future arise on this particular question. We find that in Mashburn v. City of Grandfield, 142 Okla. 247, 286 P. 789, the distinction between the corporate and governmental functions of a municipality in connection with the Workmen's Compensation Law was first raised, and therein it was held:

" 'Under Comp. Stat. 1921, sections 7283, 7284, a municipality becomes subject to the obligations imposed by the Workmen's Compensation Act only when such municipality is engaged in one of the hazardous occupations described or enumerated in said section 7283 of the Statutes.' "

After a review of the cases subsequent thereto we further say (p. 202, 174 Okla) :

"Thereafter, in the case of Board of Com'rs of Marshall County v. Lacy, 161 Okla. 138, 17 P. (2d) 398, the rule previously announced by this court in Whiteneck, Adm'x, v. Board of Com'rs of Woods County, 89 Okla. 52, 213 P. 865, and Board of Com'rs of Pawnee County v. Whitlow, 88 Okla. 72, 211 P. 1021, was reannounced and followed."

We then review City of Duncan v. Ray, 164 Okla. 205, 23 P. (2d) 694; City of Tulsa v. Hunt, 164 Okla. 262, 23 P. (2d) 640; Board of Commissioners of Garfield County v. Sims, 166 Okla. 298, 27 P. (2d) 633. A reading of these cases will readily reveal the facts involved and the principle announced and we will refrain from analyzing them here. We then therein stated (p. 202, 174 Okla.) :

"We think it is fairly deducible from a reading of the Workmen's Compensation Act itself and of the above-quoted decisions that it was the purpose of the Legislature to place the employees of the state, county, city, or any municipality on a parity with the employees of private industries whenever the state, county, city, or any municipality is engaged in any of the occupations enumerated and specifically declared to be hazardous by the statutes. Where the occupation is such that it might be carried on by private individuals for pecuniary gain and is not peculiar to governmental functions, we are of the opinion that an occupation which ordinarily is carried on by private persons for pecuniary gain does not lose its character as such when engaged in by the state, county, city, or any municipality, and there-

fore is not excluded from the provisions of the Workmen's Compensation Act by reason of subdivision 5 of section 13350, O. S. 1931, but that said subdivision was intended to apply to organizations or associations operated and conducted solely for purposes wherein the element of pecuniary gain is entirely absent and that a municipality when engaged in any of the occupations enumerated in section 13349, O. S. 1931, is so engaged for pecuniary gain and therein operates in its corporate and not in its governmental capacity.

"Since construction of 'public roads' is enumerated in the Workmen's Compensation Act as one of the hazardous occupations in which the employee shall be entitled to compensation under the provisions of the act, from what has been said above it is apparent that the contention of the petitioner as advanced under the first proposition herein is without support either in the law or the decisions of this court and must be decided against the petitioner· on this point."

Subdivision 14, section 13350, O. S. 1931, is as follows:

" 'Construction work' or 'engineering work' means improvement or alteration or repair of buildings, structures, streets, highways, sewers, street railways, railroads, logging roads, interurban railroads, electric, steam or water plants, telegraph and telephone plants and lines, electric lines or car lines, and includes any other work for the construction, altering or repairing for which machinery driven by mechanical power is used."

It will be seen, therefore, that eliminating subdivision 5 of 13350, O. S. 1931, from the decisions relating to municipalities, and giving claimant the benefit of subdivision 14, supra, if he was engaged in the improvement, alteration, or repair of a sewer within the terms of the act, he would be entitled to recover whether the improvement, alteration or repair was for pecuniary gain or not.

Claimant testified on the date of the injury, while in the employ of the city, he went to unstop a sewer, and that he entered the main sewer and went to the lateral to one of the houses, and after he had unstopped the lateral and was emerging from the manhole he was struck by a car driven by a third party and injured.

A stipulation of the parties states as follows:

"It is hereby stipulated and agreed by and between the claimant, Wash Payton, represented by his attorneys, Tolbert & Tolbert, and Gillespie, and the city of Anadarko, represented by its city attorney, Sam L. Wilhite, that the claimant, Wash Payton, was, on the 19th day of March, 1935, employed by the city of Anadarko, and working under Claude Adams, a regular employee of the city in charge of the sewer system of the city of Anadarko, and at the time of the injury, the claimant, Wash Payton, was climbing out of the storm manhole at the intersection of · Sixth street and Central boulevard when an automobile driven by some one not connected with the city, in passing, struck the claimant on the head, from which he suffered an injury in the neck and spinal column."

The testimony of Claude Adams quoted by the petitioner is as follows:

"Q. And you say you found this sewer had been choked here? A. Yes. Q. And you told Wash to go and clean it out? A. I went and got him. Q. And he went down there for the purpose of cleaning out the sewer that was stopped up? A. Yes, sir."

We have held that a city in cleaning streets and cleaning sewers is operating in a governmental capacity. City of Muskogee v. State Industrial Commission, 150 Okla. 94, 300 P. 627; Spaur v. City of Pawhuska, 172 Okla. 285, 43 P. (2d) 408. Since the cleaning of sewers is not enumerated in section 13349, O. S. 1931, or in the definition of construction works or engineering work as set out in subdivision 14 of section 13350, O. S. 1931, the claimant did not come within the terms of hazardous employments enumerated. In Mashburn v. City of Grandfield, 142 Okla. 247, 248, 286 P. 789, 791, a night watchman who had suffered an injury to his eye while on duty was denied compensation. Therein we said:

"To make it more concrete, the petitioner in this case, in patrolling the streets, making his 'beat', keeping the public peace just as any other night marshal or night policeman would do, was largely performing a governmental function; and the Legislature has not seen fit to include this class of employment within the operation of the Workmen's Compensation Law."

The act at that time had every amendment in it that it has now.

It is clear from an examination of the above authorities that the construction to be placed upon the sections of the Workmen's Compensation Act is that it was the intention of the Legislature to leave the state, county and municipal subdivisions free to operate in their governmental capacity, unless there was an express provision placing the nature of the work done within the terms of the act. Cleaning of the streets is not construction, improvement, alteration, or repair of a street, and cleaning of sewers

is not construction, improvement, alteration, or repair of a sewer, and therefore subdivision 14 of section 13350, O. S. 1931, offers no aid to claimant in this respect. In Spaur v. City of Pawhuska, supra, we said:

"A municipality is but a subdivision of the state engaged in exercising some of the functions of government in a limited locality. So long as it confines its activities to matters of purely governmental concern, it enjoys the same immunity from civil liability that is enjoyed by the state itself, unless the immunity from liability has been removed by statute."

We are of the opinion, and hold, that the statute above referred to does not operate to remove the immunity of the city of Anadarko to operate in its governmental capacity under the facts and circumstances in this case. The order of the State Industrial Commission denying the award is affirmed.

OSBORN, C. J., and BUSBY, WELCH, PHELPS, CORN, GIBSON, and HURST, JJ., concur. BAYLESS, V. C. J., and RILEY, J., absent.