CITY OF GRANDFIELD et al. v. DAVIS et al.

No. 30234.  June 17, 1941.

*114 P. 2d 488.*

Preston Peden, of Oklahoma City, for petitioners.

John B. Ogden and Wilson Wallace, both of Ardmore, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. In this original proceeding the city of Grandfield and the State Insurance Fund, its insurance carrier, seek to review an award in favor of Benjamin Edward Davis, an employee of the city of Grandfield.

The parties will be referred to as petitioners and respondent, as they appear in this court.

On the 2nd day of December, 1940, there was filed employee's first notice of injury and claim for compensation, in which it is stated that on November 5, 1940, at 2 o'clock in the afternoon, respondent was injured when a chain he was holding wrapped around a pipe slipped and the pipe fell on his fingers crushing his fingers against the top of a cement cover to one of the septic tanks of the sewer system of the city of Grandfield. The facts substantially reveal that the respondent was a day laborer employed only occasionally by the petitioner, the city of Grandfield; that he had been working for approximately two and one-half days under the direction of a city employee named Newell assisting said Newell in cleaning out the septic tanks or disposal tanks in the sewage system of said city of Grandfield; that prior to the two and one-half days' work he was hired occasionally to cut the weeds in the park and along the sides of the streets in the said city of Grandfield. For the purpose of cleaning the tanks the two employees were using a pump which would force the sewage into a nearby creek. While the respondent was changing a pipe from one of these outlets to another, he sustained the injury of which complaint is made.

We are of the opinion, and hold, that the facts place this case directly under the cases of Payton v. City of Anadarko, 179 Okla. 68, 64 P. 2d 878, and City of Muskogee v. State Industrial Commission, 150 Okla. 94, 300 P. 627. It is urged here, as it was urged in both those cases, that the respondent was engaged in construction work as defined by section 13349, O. S. 1931, as amended, 85 Okla. St. Ann. § 2. We can see no difference between the cleaning of a sewer by unstopping a manhole or outlet as occurred in those cases and in cleaning the same in the manner used in the case at bar.

It appearing, therefore, that the employment of the respondent was not hazardous within the terms and definition of the Workmen's Compensation Law and the order allowing the award was not justified, the same is hereby vacated, with directions to the State Industrial Commission to dismiss the claim.

WELCH, C. J., and RILEY, OSBORN, GIBSON, and DAVISON, JJ., concur.