## A. F. SPENGLER CO. et al. v. WALKER et al.

No. 23226. Opinion Filed Oct. 18, 1932.

Keaton, Wells, Johnston & Barnes, and B. C. Davidson, for petitioners.

Carmon C. Harris, for respondents.

LESTER, C. J. This is an action to review an award of the State Industrial Commission. The sole and only question involved in this case is whether or not there was sufficient evidence before the Industrial Commission to show a change of condition on the part of the claimant. The record shows that after the injury occurred, an agreed settlement was approved by the Commission, but the Commission in its order of approval reserved the right to reopen the case in the event there was a change in the condition of the claimant. The claimant filed a motion to reopen said cause, alleging that there had been a change in his condition since the order of the Commission had been made approving the settlement. The testimony of Dr. Hunter was introduced in evidence on the part of the employer. At page 47 of the transcript, the following question with answer thereto is disclosed:

"Q. What did your examination disclose

this time, Doctor? A. It did not disclose to me any more than when I examined him for a year before, except that he had increased tenderness in his back."

Dr. C. C. Shaw testified in behalf of the claimant. On pages 53 and 54 of the transcript, the following questions and answers were given:

"Q. Doctor, this man was examined on January 7, 1931, by a physician who found him able to return to work. Suffering from no disability, and also an examination by Dr. Von Wedel on November 19, 1930, who also found him able to return to work, capable of performing ordinary manual labor, hard work. That report was admitted in evidence, and not being objected to, and, therefore, true. Now, taking the report of these doctors into consideration, and taking into consideration your examination, what would you say as to his having suffered a change of condition? A. I think he has suffered a change of condition. Q. To a great or small extent? A. To a great extent. I do not think he is able to do manual labor at this time."

The Commission made the following order in part:

"The Commission is of the opinion: By reason of the aforesaid facts that the claimant is entitled to compensation as temporary total from the date of the filing of said motion to reopen said cause on change of condition, October 5, 1931, to date, being eight weeks and one day, at the rate of $13.85 per week, amounting to $113.11, and to continue thereafter weekly, and the claimant to receive medical treatment and compensation weekly at the rate of $13.85, until otherwise ordered by this Commission."

We reach the conclusion that there was sufficient evidence to justify the Commission in making an award to the claimant by reason of a change in claimant's condition.

The law as announced in the case of Wentz v. Brookshire, 150 Okla. 92, 300 P. 652, is applicable that where there is any competent evidence to support said finding, such "a finding of the State Industrial Commission that the cause should be reopened and further compensation allowed is a finding of every fact necessary to support said award."

The award of the Industrial Commission is affirmed.

CLARK, V. C. J., and HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. RILEY and ANDREWS, JJ., absent.

Note.—See under (1) 28 R. C. L. 823; R. C. L. Perm. Supp. p. 6247.