## OKLAHOMA CITY v. STATE INDUSTRIAL COMMISSION, et al.

No. 28372.   May 10, 1938.

A. L. Jeffrey, Municipal Counselor, Robert L. Berry, Asst. Municipal Counselor, and J. O. Moss, for petitioner.

Claud Briggs and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. The respondent Walter Ashburn was employed by the petitioner, the city of Oklahoma City, in its municipal garbage department. On July 2, 1936, he sustained an accidental injury when he strained his back while lifting a heavy garbage can in and about his duties as helper in the garbage disposal department of the said city. The parties will be referred to as they appear in this court, the city of Oklahoma City being petitioner and Walter Ashburn being respondent.

The first question presented is whether the city of Oklahoma City in operating the garbage department is within the provisions of the Workmen's Compensation Law. Both parties treat this as the main issue; the petitioner urging that in the operation of a garbage disposal department the petitioner is exercising a governmental function solely; the respondent takes the position that the petitioner is acting in a proprietary capacity.

We hold that the facts show as a matter of law that petitioner was operating the garbage department as a governmental function. Oklahoma City v. Baldwin, 133 Okla. 289, 272 P. 453; Payton v. Anadarko et al., 179 Okla. 68, 64 P.2d 878; Mashburn v. City of Grandfield, 142 Okla. 247, 286 P. 789; City of Muskogee v. State Industrial Comm., 150 Okla. 94, 300 P. 627; Barr v. Burrus, 156 Okla. 137, 9 P.2d 924; City of Ponca City v. Grimes, 144 Okla. 31, 288 P. 951; Town of Lindsay v. Sawyer, 156 Okla. 32, 9 P.2d 30; Board of County Commissioners v. Bilby, 174 Okla. 199, 50 P.2d 398.

It is urged that because the city derives profits from its operation of garbage disposal department through its garbage disposal contract and has some oil revenue from the land used as a dumping ground, this changes the governmental function, if it ever was one, to a proprietary function. It is further urged that because the city ordinances provide that private individuals may carry away garbage, trash, and rubbish, if they have a permit, this changes the nature of the function. That it has become a "business" in the sense that it is an enterprise engaged in by private individuals, therefore proprietary. Assuming that the ordinances referred to designated the garbage "business" along with the right to haul away rubbish and trash, which may be doubtful, we see nothing in any of these facts to cause us to conclude that petitioner was not operating a governmental function in its disposal of garbage. This theory, so far as it relates to pecuniary gain, is fully developed in Board of Commissioners v. Bilby, supra. Neither does the fact that petitioner removes garbage from homes and businesses only where the fee therefor is paid change the nature of the function. Cities are generally conceded the right to levy and collect fees or charges in connection with their health, police, and inspection departments.

Finally, it is urged that respondent comes within the rule announced in Oklahoma City v. Foster, 118 Okla. 120, 247 P. 80, which held that a city in the operation of a garage for the repair of its motor vehicles was liable in damages in an action at law. It is claimed that this principle is announced by this court in Wilson & Co. v. Musgrave, 180 Okla. 246, 68 P.2d 846. Respondent was an employee of the garbage department and was not an employee of a garage maintained by the city or performing any manual or mechanical labor incident to or connected therewith. In this connection respondent urges us to notice statements in some of the cases based upon the nature of the business of the employer involved, and points out that the statute covers the character of the work of the employee and not the business of the employer. This is true. It is the employment that controls and not the business of the employer. By the terms of the statute, the employee must be engaged in one of the employments named and defined as hazardous. Sections 13349-13350, O. S. 1931. We think when the cases are read in this light, there is no serious confusion. An employee is not engaged in the employment, unless, in the ordinary sense of the word, the employer who hires him has a business or trade classified in and listed and defined by sections 13349-13350, O. S. 1931, as hazardous. No particular case is referred to by the respondent in which an employee otherwise entitled to an award has been deprived of an award by reason of the alleged confusion. All that we have said is that if the employer is engaged in a business listed in the Workmen's Compensation Law, and the claimant is doing manual labor incident to or connected therewith, he is within the provisions of the Workmen's Compensation Law. Wilson & Co. v Musgrave, supra:

Pemberton Bakery v. State Industrial Comm., 180 Okla. 446, 70 P.2d 98. We do not find wherein the serious difficulty suggested by the respondent has worked to the disadvantage of the "employees engaged in * * * hazardous employments, to wit, factories, cotton gins, * * * workshops." (Section 13349, O. S. 1931.) It does not operate in the case at bar to deprive any such employee engaged in any of the employments named in the statute or otherwise defined as hazardous. It is not urged that respondent was employed in a garage or workshop owned by the petitioner, but because the petitioner does operate a garage or workshop in connection with its manifold duties, it is urged that the respondent was doing something **incident to or connected therewith.**

It appears, therefore, that under the terms of the statute and the decisions above referred to, respondent was not employed in and performing any duties incident to or connected with any of the trades, businesses, or industries defined as hazardous by the Workmen's Compensation Law, and the State Industrial Commission was without authority to award him for an injury.

The award is vacated, with directions to dismiss the claim.

BAYLESS, V. C. J., and RILEY, PHELPS, GIBSON, and HURST, JJ., concur.