SHEARER, Adm'x, v .CITY OF TULSA.

No. 32192. Sept. 17, 1946.

*172 P. 2d 603.*

Logan Stephenson, F. C. Swindell, and Q. M. Dickason, all of Tulsa, for plaintiff in error.

Chas. R. Bostick, Remington Rogers, A. M. Widdows, and W. P. Smith, all of Tulsa, for defendant in error.

GIBSON, C. J. This is an appeal by the plaintiff from judgment of trial court sustaining demurrer to plaintiff's petition, in an action for wrongful death.

It is alleged in the petition filed by the surviving widow, as administratrix of estate of deceased, that the deceased and another were employed by the defendant, a municipal corporation, to

transport by truck garbage from the city to a place five miles from the corporate limits where it was dumped in a hog lot owned by persons who paid the city a consideration therefor, and that by reason of the negligence of the other employee, who was driving the truck, the deceased was run over at the place of the delivery of the garbage by the truck, causing injuries from which he died.

The basis of the court's holding is that at the time of the injury the employees were performing a governmental function and therefore defendant was not liable.

It is conceded by plaintiff that on authority of Oklahoma City v. State Industrial Commission et al., 182 Okla. 621, 79 P. 2d 575, and Oklahoma City v. Baldwin, 133 Okla. 289, 272 P. 453, the city when collecting and disposing of garbage is performing a governmental function. But it is contended the doctrine has no application in the instant case where garbage is transported from the city to premises not owned or controlled by the city and then sold for profit.

It is sought to distinguish the Baldwin Case by reason of the accident occurring within the city while the garbage was being gathered and the case of Oklahoma City v. Industrial Commission because there the accident, although occurring without the city, was upon premises owned by the city. And it is contended the doctrine applicable in the instant case is that applied in City of Sand Springs v. Gray, 182 Okla. 248, 77 P. 2d 56, where the city was held liable where the accident occurred while its fire department was answering a call without the city limits, a service the city was wont to render for compensation paid by those served.

The statute, 11 O.S. 1941 § 563, so far as material, is as follows:

"Every municipal corporation within this state shall have the right to engage in any business or enterprise which may be engaged in by a person, firm or corporation by virtue of a franchise from said corporation; and every city containing a population of more than two thousand inhabitants shall have the right and power to acquire, own and maintain, within or without the corporate limits of such city, real estate for sites and rights of way for public utility and public park purposes, and for the location thereon of . . . garbage reduction plants, . . . "

And section 6 of art. 2 of the Tulsa City charter, Tulsa Revised Ordinances 1945, under caption of Municipal Service and Powers of the City of Tulsa, provides as follows:

"The City of Tulsa shall have the right, and the power to acquire, own, operate and maintain within or without the corporate limits of the City of Tulsa . . . garbage, trash and waste reduction plants. . . ."

That a disposition of the garbage is as fully essential to the protection of the public health as the collection thereof and that both acts are a part of such governmental function, was declared as follows in the Baldwin Case:

"In the collection and disposition of garbage, a city acts for the public health and discharges a governmental function. In these acts it is an agent or arm of the commonwealth, and for that reason is absolved from liability for the negligence of its employees."

Some method is essential to the accomplishment of the disposition. Therefore, any method adopted therefor, if authorized, is but an incident to the power to make the disposal. The law makes no prescription as to the place or method of making disposition, and, hence, the right of selection of the place or method is involved in the power to dispose.

The receipt of a consideration for the sale and delivery of the garbage could afford no element of an independent enterprise so long as it was received in furtherance of the disposition, because it would be a mere incident to the exercise of the authorized power.

An application of these principles to

456

a situation where a charge was made for gathering garbage and recognition of the application to a situation where the garbage is sold for a consideration is to be found in the Baldwin Case, supra. There is stated in the opinion the following:

"We do not think the fact that a city makes a charge for the removal of garbage and rubbish, covering the cost of such removal, necessarily makes such removal a nongovernmental function so as to render it liable for the negligence of a truck driver while engaged in such removal."

And in the opinion there is quoted with approval the following from Manning v. City of Pasadena, 58 Cal. App. 666, 209 P. 253:

" 'A city in enacting an ordinance concerning the disposition of garbage and in collecting garbage and disposing of it in a sanitary method was acting within its police powers, and the fact that it sold the garbage, after it had been collected at its incinerator, thereby recouping some of the expense of collection, did not convert the governmental function of collecting into a proprietary function so as to render it liable for the negligence of its garbage collectors.' "

The doctrine of Oklahoma City v. State Industrial Commission, supra, so far as material here, reaffirms that of the Baldwin Case.

City of Sand Springs v. Gray, supra, is not helpful. As indicated by what has been said concerning the facts of that case, it is manifest the case is not in point. While we declined there to hold applicable the principles herein announced, their soundness was expressly recognized.

Affirmed.

HURST, V.C.J., and RILEY, OSBORN, BAYLESS, and DAVISON, JJ., concur.