CARTER v. CITY OF TULSA et al.

No. 33784.   July 19, 1949.

*208 P. 2d 550.*

Donald F. McMahon and George B. Smith, both of Tulsa, for petitioner.

R. L. Davidson, Jr., John T. Hartley, B. M. Risinger, and Robert L. Wheeler, all of Tulsa, and Mac Q. Williamson, Atty. Gen., for respondents.

O'NEAL, J.   Claimant, Haney Carter, sustained an accidental injury arising out of his employment with the city of Tulsa on February 19, 1948. At the time he was employed as a helper on a garbage truck for said city. The State Industrial Commission denied an award and claimant has brought this proceeding to review the order.

The State Industrial Commission denied the award because claimant was an employee of the garbage department and claimant argued that in refusing an award there was error. This is the single issue presented. It has been definitely settled by Oklahoma City v. Baldwin, 133 Okla. 289, 272 P. 453, and Oklahoma City v. State Industrial Commission, 182 Okla. 621, 79 P. 2d 575. The basis of the rule announced is thoroughly explained in Payton v. City of Anadarko, 179 Okla. 68, 64 P. 2d 878, and Board of County Com'rs, Tulsa County, v. Bilby, 174 Okla. 199, 50 P. 2d 398.

Claimant argues that since the evidence discloses beyond dispute that the city of Tulsa was engaged in the disposal of garbage and trash for pecuniary gain, and also by provisions of ordinances in competition with private individuals, it comes within the terms of the Workmen's Compensation Law.

In Oklahoma City v. State Industrial Commission, supra, this court said:

"It is urged that because the city derives profits from its operation of garbage disposal department through its garbage disposal contract and has some oil revenue from the land used as a dumping ground that this changes the governmental function, if it ever was one, to a proprietary function. It is further urged that because the city ordinances provide that private individuals may carry away garbage, trash,

630

and rubbish, if they have a permit, this changes the nature of the function. That it has become a 'business' in the sense that it is an enterprise engaged in by private individuals, therefore proprietary. Assuming that the ordinances referred to designated the garbage 'business' along with the right to haul away rubbish and trash, which may be doubtful, we see nothing in any of these facts to cause us to conclude that petitioner was not operating a governmental function in its disposal of garbage. This theory, so far as it relates to pecuniary gain, is fully developed in Board of Commissioners v. Bilby, supra. Neither does the fact that petitioner removes garbage from homes and businesses only where the fee therefor is paid change the nature of the function. Cities are generally conceded the right to levy and collect fees or charges in connection with their health, police, and inspection departments."

Also see, in this connection, City of Muskogee v. State Industrial Commission, 150 Okla. 94, 300 P. 627, and Spaur v. City of Pawhuska, 172 Okla. 285, 43 P. 2d 408.

It may be noted that the State Industrial Commission made findings as follows:

"(1) That on February 19th, 1948, the claimant was in the employ of the respondent herein (said respondent being engaged in a hazardous occupation, covered by and subject to the provisions of the Workmen's Compensation Law) and on said date claimant sustained an accidental personal injury arising out of and in the course of his employment, consisting of an injury to the left foot.

"(2) That claimant's wages were sufficient to entitled him to the maximum compensation rate of $21.00 per week.

"(3) That claimant's claim for compensation should be denied for the reason and upon the ground that the employment in which claimant was engaged for the respondent, City of Tulsa, at the time of such accidental injury was a governmental function and does not come within the purview of the Oklahoma Workmen's Compensation Law."

It was on the third finding that the order denying the award was based. Findings numbered 1 and 2, supra, are in direct conflict with finding number 3, on which the award was denied. Therefore, findings numbered 1 and 2 should be, and they are, hereby disapproved and stricken.

Order denying award sustained.

DAVISON, C.J., ARNOLD, V.C.J., and WELCH, GIBSON, LUTTRELL, HALLEY, and JOHNSON, JJ., concur.