CITY OF TULSA v. WASHINGTON.

No. 34733. Feb. 19, 1952.

*241 P. 2d 194.*

A. M. Widdows and Gerard K. Donovan, Tulsa, for plaintiff in error.

Primus C. Wade, Tulsa, for defendant in error.

BINGAMAN, J. This is an action for damages for personal injuries and damage to plaintiff's automobile, brought by Daniel Washington against the city of Tulsa, a municipal corporation, and Samuel Walker. The damages were the result of a collision between plaintiff's automobile and a garbage truck belonging to the city of Tulsa and driven by the defendant, Walker. The trial court overruled the motion of each defendant for directed verdict at the conclusion of the trial, and submitted the cause to a jury which returned .a verdict for plaintiff in the sum of $319.62. The city of Tulsa appeals.

The evidence was conflicting but therefrom the jury was justified in finding that the injuries to plaintiff and his automobile were caused by the defendant Walker driving a garbage truck belonging to the city of Tulsa out of a driveway leading to a wash rack maintained by the city on North Hartford avenue, and making a left turn in such manner as to come into collision with plaintiff's automobile, which was traveling south on Hartford avenue, and that the damages sustained by plaintiff were due to the negligence of Walker.

The city contends that the truck was engaged in the collection and disposal of garbage, a governmental function, and that it therefore was not liable for Walker's negligence, citing Oklahoma City v. State Industrial Commission, 182 Okla. 621, 79 P. 2d 575, Shearer v. City of Tulsa, 197 Okla. 454, 172 P. 2d 603, and other authorities so holding. In both the cases cited by the city, however, it appears that the garbage truck involved was at the time actually engaged in the collection or disposal of garbage. In the instant case, according to the testimony of the superintendent of the refuse department of the city of Tulsa, the trucks had completed the day's work and been taken to a garage maintained by the garbage department some two and a half blocks from the washing rack. In this garage the truck drivers left their trucks after their day's work was ended and Walker, a car washer or truck washer, took

them to the wash rack and washed them inside and out. The superintendent testified that this was necessary for the reason that when garbage was dumped from the trucks a certain amount of grease and small portions of garbage remained on the sides and bottom of the truck, and the washing was necessary to prevent the garbage trucks from giving forth an unbearable odor. From his testimony it appears that the wash racks, while under the supervision of the superintendent of refuse department, were also used for washing other cars belonging to the city.

In 38 Am. Jur. p. 266, §573, the author, while recognizing the rule that municipalities are immune from liability for the negligence of a servant or agent while engaged in the performance of a governmental function, states that the modern tendency is to restrict rather than extend the doctrine of municipal immunity, since the courts and law-writers are coming more and more to realize the injustice of the doctrine. This is also pointed out in City of Oklahoma City v. Haggard, 170 Okla. 473, 41 P. 2d 109. In that case we held that where the city operated a garage for motor vehicles used by the police department, among other things, for the repair of motor vehicles, it was acting in a corporate or ministerial capacity rather than in a governmental capacity. To the same effect is Oklahoma City v. Foster, 118 Okla. 120, 247 P. 80. In that case we pointed out that if the garage was maintained for the private advantage of the inhabitants of the city and for the city itself as a legal personality, it could not escape liability for the careless performance of the work done in the garage merely because that work in a general way related to a governmental function.

The case at bar falls within the class disposed of in the two last mentioned cases. While it may be true that the washing of the trucks was necessary and requisite to the proper conduct of the collection and disposal of garbage,

the city at the time was not actually engaged in such collection and disposal. The washing of the trucks for sanitary purposes was no more essential to the proper conduct of the department than was the repairing of automobiles used by the police department in the proper performance of their duties. We hold that the city at the time of the collision was not employing the truck involved therein in a governmental function.

Defendant also complains that the trial court erred in instructing the jury that if they found that the city, at the time of the collision, was using the truck in the collection and disposal of garbage, it would be absolved from the negligence of its employee and that if they found it was so engaged their verdict should be for the city and for the defendant, Walker. Since the city does not contend that the instruction was incorrect in so far as its liability was concerned and since the verdict was against both the city and Walker, we think the error in the instruction, if any, was harmless and that the jury was not misled thereby.

Affirmed.

HALLEY, V. C. J., and CORN, GIBSON, DAVISON, JOHNSON, and O'NEAL, JJ., concur.