## SCHUSTER v. CITY OF CLINTON et al.
### No. 35804.

Supreme Court of Oklahoma.
Oct. 13, 1953.

Williams & Hansen, Oklahoma City, for petitioner.

Joe F. Gibson, City Atty., Clinton, Mac Q. Williamson, Atty. Gen., for respondents.

ARNOLD, Justice.

This is a proceeding by Clarence Schuster to review an order of the State Industrial Commission denying him compensation on a claim filed against his employer City of Clinton.

The facts are stipulated. They are: Petitioner, Clarence Schuster, was in the employ of the City of Clinton Garbage Department on September 26, 1951. On that day while engaged in performing duties incumbent upon him as a garbage collector for the City of Clinton he received an accidental personal injury which resulted in the loss of his right hand above the wrist and below the elbow. The accident occurred while operating the mechanical and hydraulic lift on a garbage truck. He received medical treatment for such injury. He was employed by the City on August 5, 1951, at a salary of $191.50 per month and was paid full salary until October 31, 1951, and was paid half salary of $95.75 per month from November 1, 1951, until February 1, 1952; that he was in the act of gathering garbage for the City of Clinton at the time he sustained his injury.

The trial commissioner found that petitioner at the time of his accidental injury on September 26, 1951, was an employee of the City of Clinton in the garbage department and that such employment is a governmental function and is not one which is designated as hazardous under the Work-

men's Compensation Act and by reason thereof the State Industrial Commission was without jurisdiction to allow him compensation and upon such finding entered an order denying compensation.

■ Petitioner brings the case here to review this order and relies for its vacation on the sole ground that the order is contrary to law. We think the Commission reached the correct conclusion. We have heretofore held that a city in the collection and disposal of its garbage acts for the public health and discharges a governmental function and that an injury sustained by an employee of the city while engaged in such work does not come within the Workmen's Compensation Act and may not recover compensation for such injury. Oklahoma City v. State Industrial Commission, 182 Okl. 621, 79 P.2d 575; Carter v. City of Tulsa, 201 Okl. 629, 208 P.2d 550.

Petitioner asserts that in 1941 the Workmen's Compensation Act was amended so as to include among employments defined as hazardous motor vehicles operated as motor carriers for compensation; that the amendment was adopted subsequent to the time the above decisions were rendered and they are therefore not applicable. It is argued by petitioner that the City of Clinton by collecting and transporting its garbage over the streets of the city by use of the garbage truck for which a fee was charged was transporting property for compensation and therefore engaged in hazardous occupation within the meaning of the Workmen's Compensation Act as amended, 85 O.S.1951 § 2.

■ We do not agree that the City of Clinton, by the use of its garbage truck in transporting garbage over its streets, was operating the truck as a motor carrier within the meaning of the Workmen's Compensation Act as amended.

The Workmen's Compensation Act does not define the term motor carrier. This term is defined by the Motor Carrier Act, 47 O.S.1951, § 161(b) as follows:

"The term 'motor carrier,' when used in this Act, means any person, firm, business, trust or corporation, lessee or trustee or receiver, operating any motor vehicle upon any public highway for the transportation of passengers or property for compensation or for commercial purposes, doing an inter city business and not operating exclusively within the limits of an incorporated city or town within this State. * * "

The above section of the statute defining the term "motor carrier" was adopted by the Legislature in 1933 and was in full force and effect at the time the Legislature adopted the amendment relied upon by petitioner. It is apparent that when the Legislature adopted the amendment to the Workmen's Compensation Act including motor vehicles being operated as motor carriers as a hazardous occupation it intended to and did adopt the definition placed on the term motor carriers by the Motor Carrier Act, supra.

Since the city was not by the use of its garbage truck transporting garbage inter city but was operating only within the city, it was not operating the truck as a motor carrier as that term is defined by statute, supra, and was not engaged in a business or occupation defined as hazardous by the Workmen's Compensation Act.

Moreover our decision in Carter v. City of Tulsa et al., supra, was rendered subsequent to the time the amendment relied on by petitioner was adopted. In that case we held:

"The collection and disposal of garbage, trash and rubbish is not one of the employments denominated as hazardous by 85 O.S.1941, § 2.".

The amendment herein relied upon by petitioner appears in this section.

Petitioner relies upon City of Tulsa v. Washington, 206 Okl. 61, 241 P.2d 194, to sustain his contention. In that case however the city was not using its garbage truck in the collection and disposal of garbage at the time the accident occurred as in the present case. The truck was not then being used in the performance of a governmental function. The case is therefore not in point. A similar situation exists as to the other cases cited by him.

Since petitioner was not engaged in an employment defined as hazardous by Workmen's Compensation Act at the time he sustained his injury he may not recover compensation for such injury.

Order Sustained.