**CITY OF HOUSTON, Appellant,**

v.

**Jewell WOLVERTON et vir., and A. G. Turner et ux., Appellees.**

No. 3173.

Court of Civil Appeals of Texas.

Waco.

July 15, 1954.

Rehearing Denied Sept. 16, 1954.

Will G. Sears, City Atty., Richard H. Burks, Charles A. Easterling, Asst. City Attys., Houston, E. A. Berry, Jr., Madisonville, R. S. Bracewell, Huntsville, for appellant.

M. L. Bennett, Jr., Normangee, W. T. Bennett, Davis & Phillips, Huntsville, Collins, Garrison, Renfrow & Zeleskey, Lufkin, for appellees.

McDONALD, Chief Justice.

This is a consolidation of 2 suits growing out of an automobile collision 2 miles south of Huntsville on Highway 75. Plaintiffs sued the City of Houston for damages, for the death of Lois Whitt, and for personal injuries to Ruby Turner resulting from a collision between the car in which Miss Whitt and Mrs. Turner were riding, and an automobile owned by the City of Houston and being driven by Robert Wood, a milk inspector employed by the Health Department of the City of Houston.

Wood lived in Madisonville and was charged with inspecting dairies in some 8 counties which supplied milk for sale in the City of Houston. In order for him to travel to the various dairies which he was required to inspect the City of Houston furnished him a 1952 Plymouth automobile which was owned by the City of Houston. To perform the duties of his employment, it was necessary that he travel to and from the various dairies by means of an automobile. The day prior to the collision Mr. Wood telephoned his immediate superior, the Milk Inspector Supervisor of the Health Department of the City of Houston, and reported that the automobile furnished him by the City of Houston was not functioning properly in that it was missing at idling speed. The Supervisor told him to bring the automobile to Houston on the morning of 31 July 1952 for inspection and repair if necessary at the garage operated and maintained by the City at 810 Gillette St. in the City of Houston. At the time of the collision Mr. Wood was in the process of taking the automobile to Houston by the most direct route possible for such inspection and repair, if necessary, in accordance with the Supervisor's instructions. The garage located at 810 Gillette St. in Houston is operated and maintained by the City through its own employees and for its own convenience and financial benefit. At the time of the collision the purpose of Mr. Wood's trip was to take the car to Houston for inspection and repair, as directed by his Supervisor, and but for which the trip would not have been made.

Trial was before the Court without a jury, which found that the collision was caused by Wood's negligence; that the operation of the garage at 810 Gillette St. by the City of Houston was for the convenience and financial benefit of the City and therefore a proprietary function and was not operated as a governmental function; that Wood was at the time of the collision taking the car to Houston for inspection and repair if necessary at the City of Houston's garage and that he was acting in the course and scope of his employment

for the City of Houston—but was not engaged in a governmental function or activity—since he was acting for the City in its proprietary enterprise. The Trial Court entered judgment for plaintiffs for $5635 for the death of Lois Whitt, and for $25,-469 for the injuries to Ruby Turner.

From this judgment the City appeals, asserting that a municipality, while engaged in sanitation for public health, is exercising a governmental function, and is not liable for negligence of its employees in performing such function. As we view this record, the City contends that since it was necessary that Wood use the car in the performance of his duties as a milk inspector, that the delivery of the car by Wood to Houston for repair at the city garage was likewise in furtherance of his governmental functions of milk inspector.

The determining question in the case, therefore, is: Was Wood engaged in duty in furtherance of a governmental function, to-wit, milk inspection, at the time of the accident, or was his delivering of the automobile to the City owned and operated garage for inspection and repair if necessary, under instructions of his superior, an act for the City in the furtherance of its proprietary enterprise? If Wood was acting in furtherance of the public health or governmental function of the City at the time of the collision, of course there is no liability on the part of the City; but if Wood was acting in furtherance of the proprietary enterprise of the City at the time of the collision—then the City is liable.

The evidence reflects and the Trial Court found that the operation of the garage at 810 Gillette St. by the City was for the convenience and financial benefit of the City and therefore was a proprietary function and not a governmental function; that Wood was at the time of the collision taking the car to this garage for inspection and repair if necessary, as directed by his Supervisor; and but for the delivery of the car to the city garage the trip would not have been made. There is further no dispute with the proposition that inspection of milk

and dairies by the City of Houston is a governmental function, in the performance of which it is not liable for negligent acts of its employees.

■ Our Supreme Court, in City of Houston v. Shilling, 150 Tex. 387, 240 S.W. 2d 1010, 1011, 26 A.L.R.2d 935, reaffirms the rule laid down in City of Amarillo v. Ware, 120 Tex. 456, 40 S.W.2d 57, " 'that a municipality is exempt from liability when it performs a duty imposed upon it as the arm or agent of the state in the exercise of a strictly governmental function solely for the public benefit. That the exemption of a governmental agency from liability pertains only to those acts or functions which are performed as the agent of the state in furtherance of general law for the interest of the public at large, as distinguished from those acts and functions intended primarily for the benefit of those within the corporate limits of a municipality.' " In that case the court held the operation of a garage for repair and maintenance of trucks *used exclusively in its garbage department to be a proprietary function, and held the City liable for its employees' negligence in operating the garage in that they failed to properly inspect and repair brakes of a truck which was involved in an accident*. The dissenting opinion held: "Had the garage been maintained and used for the repairing of *all motor vehicles owned by the city and used for whatever purpose, a somewhat different question would be presented*".

■ In the case at bar the garage operated by the City of Houston and to which Wood was carrying the automobile was operated as a general garage for automobiles owned by the City of Houston. We therefore say that the city garage at 810 Gillette St. was in furtherance of a proprietary function under both the majority opinion and the dissent in the Shilling case.

The Shilling case cites with approval and follows the Supreme Court of Oklahoma in Oklahoma City v. Foster, 118 Okl. 120, 247 P. 80, 47 A.L.R. 822, which likewise holds that the maintenance of a garage is not a governmental function, and therefore the City is liable for its negligence.

The Oklahoma Supreme Court, subsequent to the Foster case, supra, has, in City of Tulsa v. Washington, 206 Okl. 61, 241 P.2d 194, 195 (which involves a closely analogous fact situation) held that the operation and maintenance by the City *of a wash rack for washing of its vehicles was a proprietary function as distinguished from a governmental function, and that the City was liable for the negligence of a driver while driving a truck from the wash rack to the city garage*. In that case the truck had completed its day's mission of garbage collection and had been washed at the wash rack and was being returned to the garage when it had a collision due to the driver's negligence. The court said, citing the Foster case, supra, "While it may be true that the washing of the trucks was necessary and requisite to the proper conduct of the collection and disposal of garbage, the city at the time was not actually engaged in such collection and disposal. * * * the city at the time of the collision was not employing the truck involved therein in a governmental function."

■ Applying the law discussed to the facts in the case at bar, we believe that if the maintenance of a garage for the repair of vehicles by the City of Houston is not a governmental function or a necessary element of a governmental function so as to relieve the City from liability for the negligent acts of those employed in such garage, the conclusion is manifestly more compelling that the operation of a city automobile over the highway from Madisonville to Houston in order that the City might have it delivered to and inspected and repaired if necessary at its general municipal garage to save the City time and money is not the performance of the governmental function of inspection of dairies and milk for the protection of public health, or a necessary element thereof. Further, the foregoing conclusion follows and is in complete accord with the City of Tulsa case, supra. We must therefore answer the determining

question in this case in the negative and hold that Wood was not at the time of the accident, while delivering the City owned automobile to Houston for inspection and repair if necessary at the city garage, acting in the furtherance of a governmental function of the City, but was to the contrary, acting in the furtherance of the proprietary enterprise of the City, and for such reason the City must be held liable for his negligence.

The City further contends that since Wood was delivering permit fees to the Health Department in addition to delivering the automobile to the city owned garage for inspection and repair, that this is sufficient to bring his trip to Houston under the protective mantle of performing a governmental function—and for which reason the City is not liable for his negligence. We believe that Wood was engaged exclusively in carrying the automobile to Houston for inspection and repair at the city garage and that this was in furtherance of a proprietary function. The delivery of the permit fees to the Health Department was only incidental to the trip. However, under the construction most favorable to the City of Houston, that Wood was engaged in the furtherance of a dual function—proprietary and governmental—this dual capacity renders the City liable for his negligence. City of Port Arthur v. Wallace, 141 Tex. 201, 171 S.W.2d 480.

The City finally contends that the evidence is undisputed or overwhelming that repairs were to be effected at Judd-Monroe Motor Company and not at the city garage. The Trial Court found that inspection of the automobile and any necessary repairs were to be made at the garage belonging to the City of Houston and not at the Judd-Monroe Motor Company. There is an abundance of evidence in the record to sustain this finding.

All of appellant City's points as well as the contentions thereunder have been carefully considered and are overruled. The judgment of the Trial Court is accordingly affirmed.