Lucille **CRAVATT** and Benjamine F. Cravatt, Jr., Petitioners,

v.

**CITY OF OKLAHOMA CITY,** a Municipal Corporation, Own Risk, Keith Jones, doing business as Jones Boys # 6, Standard Insurance Company, a corporation, and the State Industrial Commission, Respondents.

No. 36981.

Supreme Court of Oklahoma.

March 27, 1956.

Leslie L. Conner, Arnold B. Britton, Charles W. Conner, Oklahoma City, Conner, Hilpert & Britton, Oklahoma City, of counsel, for petitioners.

Looney, Watts, Looney, Welch, Hamill & Nichols, Oklahoma City, A. L. Jeffrey, Municipal Counselor, George E. Dane, Asst. Municipal Counselor, Oklahoma City, for respondents.

WELCH, Justice.

On July 16, 1954, Benjamine F. Cravatt, a police officer of the City of Oklahoma City, while engaged in performing his duties as such officer lost his life as a result of a gunshot wound inflicted upon him at the hands of a robber while he was engaged in attempting to prevent a robbery of the grocery store of Keith Jones, doing business as Jones Boys No. 6, located at Southeast 44th and Shields, Oklahoma City, Oklahoma.

On January 4, 1955, Lucille Cravatt, surviving widow of deceased, and Benjamine F. Cravatt, Jr., minor son of deceased, referred to as petitioners herein, filed a claim for compensation against the City of Oklahoma City and Keith Jones, doing business as Jones Boys, No. 6, and his Insurance Carrier, Standard Insurance Company, a corporation, under Death Benefits provisions of the Workmen's Compensation Law, 85 O.S.1951 § 1 et seq.

The City of Oklahoma City in its answer alleges that it is not liable for the reason that Cravatt at the time he was shot and killed was not engaged in an employment defined as hazardous under the Workmen's Compensation Act; that the City of Oklahoma City in maintaining and operating its police department is engaged in a governmental function and that since Cravatt lost his life while performing services incident to and connected with such function his dependents may not recover compensation against the City.

Keith Jones defended on the ground that deceased was not in his employ at the time he was killed.

The trial commissioner to whom the case was assigned at the close of the evidence found:

"That on July 16, 1954, at Oklahoma City, Oklahoma, Benjamine F. Cravatt was in the employ of the respondent, City of Oklahoma City, a Municipal Corporation, engaged in an occupation which was not hazardous within the meaning of the Workmen's Compensation Law of the State of Oklahoma, and on said date was shot and killed by a burglar or hijacker, attempting to rob a store owned and operated by respondent Keith Jones, dba Jones Boys # 6.

"That Benjamine F. Cravatt at the time of his death, was an officer of the Oklahoma City Police Department, that said Department is a division of the Municipal Government and is a governmental function as set forth by the law of State of Oklahoma; that Benjamine F. Cravatt was at the time he was shot and killed, on duty and acting as such police officer, that such employment is not classified under the Workmen's Compensation Law of Oklahoma as hazardous, that claimant's claim against the respondent, City of Oklahoma City, is not within the jurisdiction of this Commission and should be denied.

"* * *

"That on July 16, 1954, no employer-employee relationship existed between Keith Jones, dba Jones Boys #6, and Benjamine F. Cravatt, and the claim herein against respondent, Keith Jones, dba Jones Boys #6, and his insurance carrier, The Standard Insurance Company should be denied."

The trial commissioner upon these findings entered an order denying compensation which was sustained on appeal to the Commission en banc.

Petitioners bring the case here to review this order and contend that it is not supported by the evidence and is contrary to law.

The evidence is undisputed that Cravatt lost his life while engaged in performing his duties as a police officer of the City of Oklahoma City as above stated.

The City of Oklahoma City contends that it is not liable for the reasons stated in its answer. We think this contention well taken. In Mashburn v. City of Grandfield, 142 Okl. 247, 286 P. 789, 790, we held:

"A town marshal or night watchman, guarding the streets and general property in the town is not an employee of the city as a workman for wages engaged in one of the hazardous occupations enumerated in the statutes; and, if injured in the course of his duties as a town marshal or town watchman, is not entitled to re-

cover compensation under the Workmen's Compensation Act."

We think it clear that the City of Oklahoma City in maintaining and operating its police department is performing a governmental function and since Cravatt lost his life while engaged in performing services incident to and connected with such function his dependents cannot recover compensation as against the City. In Montgomery v. State Industrial Commission, 190 Okl. 439, 124 P.2d 726, we held:

"An employee who is employed by the State in performing work incidental to a governmental function of the State is not covered by the Workmen's Compensation Law and is not entitled under said Act to receive an award from the State Industrial Commission for an injury received while so employed."

See, also, Carter v. City of Tulsa, 201 Okla. 629, 208 P.2d 550, Schuster v. City of Clinton, Okl., 262 P.2d 157.

Petitioners, however, contend that the City of Oklahoma City obtained from the State Industrial Commission an own risk permit and for that reason the City is estopped from denying that Cravatt was engaged in a hazardous employment at the time he was shot and killed. The record fails to disclose that the City ever obtained from the Commission an own risk permit, but assuming that it has done so this in itself would not be sufficient to work an estoppel. Black, Sivalls & Bryson, Inc., v. Foree, Okl., 289 P.2d 649; Sears, Roebuck & Co. v. Baker, Okl., 286 P.2d 272.

Petitioners further contend that since the evidence shows that the City of Oklahoma City maintained and operated a garage where machinery was used and where vehicles operated by its police force were serviced and repaired, it was engaged in one of the occupations defined as hazardous in the Workmen's Compensation Act, 85 O.S.1951 § 2, and the City for this reason is liable. This contention would be correct if Cravatt had lost his life while engaged in performing services incident

and connected with the operation of the garage. See City of Tulsa v. Washington, 206 Okl. 61, 241 P.2d 194, but since Cravatt was not so engaged at the time he lost his life, but was engaged in performing services incident to and connected with a governmental function, his dependents cannot recover compensation because of his death. Shearer v. City of Tulsa, 197 Okl. 454, 172 P.2d 603; Schuster v. City of Clinton, supra.

Petitioners seek to hold respondent Keith Jones liable, on the theory that Cravatt was a joint, temporary and emergency employee of Jones at the time he lost his life.

The evidence shows that Keith Jones at the time in question was engaged in the operation of a grocery store. On July 16, 1954, the date upon which Cravatt lost his life, at about 5:30 of the evening of that day Jones closed his store and left for home. At 8:30 that night he and his wife returned to the store for the purpose of getting some groceries, and while there a member of the police force made a telephone call to Mr. Jones at the store. Mrs. Jones answered the telephone and was told by the party calling that their bookkeeper had been kidnapped and was being brought to the store for the purpose of compelling her to open the safe, and told her that a policeman would be on his way to the store and advised that she and her husband remain at the store until he arrived. Shortly thereafter Mr. Cravatt appeared at the store. Mrs. Jones opened the door and Cravatt entered the store. Mr. Jones showed him about the store, showed him where the safe was located and showed him a place where he could hide and not be seen by the robbers, but that he would be able to see them. Cravatt then directed Mr. and Mrs. Jones to leave the store, to remove the car from where it was parked and to park it some other place. Shortly there-

after the robbers appeared at the store and a gun battle ensued, and in that battle Cravatt was shot and killed.

These are the circumstances upon which petitioners rely to sustain their contention that Cravatt at the time of his death was a joint, temporary and emergency employee of Jones. We think they are insufficient to establish such fact. There is no evidence whatever tending to show that a contract of employment either expressed or implied ever existed between Jones and Cravatt.

We have heretofore held that the first prerequisite to recover compensation under the Workmen's Compensation Law is that the relation of master and servant or employer and employee must exist at the time of the injury. Mastin v. Black, 176 Okl. 46, 54 P.2d 399. In Reeves v. Muskogee Cotton Oil Co., 187 Okl. 539, 104 P.2d 443, we held:

"The relation of master and servant or employer and employee within the meaning of the Workmen's Compensation Act must be shown to have been existent at the time of the injury before the State Industrial Commission is authorized to make an award of compensation for such injury."

Petitioners cite numerous authorities which they contend sustain their contention as against respondent Jones. We have examined these authorities and find they are not applicable to the facts in this case.

We conclude that the findings of the Commission are supported by the evidence and that it ruled correctly in denying compensation.

Order sustained.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.