**OKLAHOMA CITY, a Municipal Corporation, Own Risk, Plaintiff in Error,**

v.

**Charles D. TERHUNE and State Industrial Commission, Defendant in Error.**

**No. 38338.**

Supreme Court of Oklahoma.

April 28, 1959.

A. L. Jeffrey, Municipal Counselor, George E. Dane, Asst. Municipal Counselor, Oklahoma City, for petitioner.

Edwin William Dudley, Madill, Mac Q. Williamson, Atty. Gen., for respondents.

JACKSON, Justice.

Charles D. Terhune, hereinafter called petitioner, filed his first notice of injury and claim for compensation stating that on November 15, 1956, while in the employ of the City of Oklahoma City he sustained an accidental injury arising out of and in the course of his employment. An award was entered by the trial judge which is in part as follows:

"That claimant sustained an accidental personal injury, arising out of and in the course of his hazardous employment with the above named respondent, within the terms and meaning of the Workmen's Compensation Law on November 15, 1956, consisting of injury to his right hand.

"That at the time of said injury, claimant's wages were sufficient to fix his rate of compensation at $28.00 per week; that as a result of said injury, claimant was temporarily totally disabled from January 1, 1958 to January 11, 1958, for which period of time

claimant is entitled to compensation for 1 week and 3 days in the total amount of $42.00, which amount has not been paid, and on which date temporary total disability ended.

"That as a result of said injury, claimant has sustained 50% permanent partial disability to his right hand, for which disability claimant is entitled to compensation for 100 weeks at $28.00 per week, or the total amount of $2800.00, of which 21 have accrued to June 7, 1958, and shall be paid in a lump sum of $588.00, balance of award to be paid at the rate of $28.00 per week from June 7, 1958."

This proceeding is brought by the City of Oklahoma City, own risk, hereinafter called petitioner, to review the award.

The essential facts as shown by the stipulation of the parties and the testimony of claimant are: Claimant was employed in the garbage department of petitioner and at the time of the accidental injury was engaged in the collection and disposal of garbage and was on or at the back of the garbage truck when the injury occurred.

The cause and extent of disability is not at issue. Petitioner presents the sole issue that claimant's employment was not within the terms of the Workmen's Compensation Act. 85 O.S.1951 § 1 et seq. We agree.

In Oklahoma City v. State Industrial Commission, 182 Okl. 621, 79 P.2d 575, it is stated:

"An employee who is injured while engaged in the duties of collecting garbage for the city or municipality is not within the terms of the Workmen's Compensation Law, St.1931, § 13348 et seq., as amended, 85 Okl.St.Ann. § 1 et seq., and an order of the State Industrial Commission awarding him compensation for an injury while engaged in such employment will be vacated."

In Carter v. City of Tulsa, 201 Okl. 629, 208 P.2d 550, it is held in the second paragraph of the syllabus:

"The collection and disposal of garbage, trash and rubbish is not one of the employments denominated as hazardous by 85 O.S.1941 § 2."

The State Industrial Commission erred in entering an award for claimant.

The cause is remanded to the State Industrial Commission with directions to vacate the award and dismiss the claim.