**OKLAHOMA CITY, a municipal corporation, Own Risk, Petitioner,**

**v.**

**L. Estelle BOGGS and the State Industrial Court, Respondents.**

**No. 43265.**

Supreme Court of Oklahoma.

July 8, 1969.

Roy H. Semtner, Municipal Counselor, Aubrey M. Kerr, Jr., Asst. Municipal Counselor, Oklahoma City, for petitioner.

Birdsong & Sanchez, Oklahoma City, G. T. Blankenship, Atty. Gen., for respondents.

WILLIAMS, Justice.

There is involved here for review an order of the State Industrial Court, sitting en banc, affirming an award entered by the trial judge allowing the respondent, claimant below, L. Estelle Boggs, death benefits under the provisions of the Oklahoma Workmen's Compensation Act, for the death of her husband, R. C. Boggs.

Parties will be referred to as they appeared before the trial tribunal. Mr. Boggs will be referred to as "deceased".

The facts are undisputed. Deceased on April 19, 1968, was employed by the respondent as a supervisor of some four (4) maintenance truck crews in the Sewer Maintenance Department, a division of the Public Works Commission of the City of Oklahoma City, Oklahoma. His general duties required him to operate a pickup truck equipped with a two-way radio. If he secured knowledge of a sewer being stopped up or backing up he would locate a crew with the required tools and equipment to unclog it. He would proceed to the troublespot, supervise and assist with unstopping the sewer, including making repairs if such was required. On some occasions he would use hand tools or electrically driven equipment. One of his principal

duties was to locate manholes needing to be unclogged and opened. The work crews would then open the sewers by inserting three-foot connecting lengths of steel rods into the clogged sewers. Frequently he was required to walk across ditches and ravines on sewer lines suspended above them.

On the date of the accident, deceased was walking from the south side to the north side of a dry creek along a sewer line some fifteen (15) inches in diameter, suspended about 25 feet above the bed of that dry creek, near S. W. 59th and Lee in Oklahoma City. He was walking toward a manhole on the north side of the creek bed. He slipped and fell to the creek bed injuring his left foot and ankle.

Deceased was first treated by using home remedies. Respondent then sent him to the hospital. His injured ankle was treated and he returned to his home. He was readmitted to the hospital as an emergency patient on May 15, 1968, but expired before arrival. His death was the result of "a massive pulmonary embolus" caused by "thrombophlebitis" sustained as a direct result of the injury received by him on April 19, 1968. The medical evidence clearly establishes a causal relationship between the injury sustained by deceased on that date and his death. Such issue is not contested.

Respondent's sole contention on appeal is that the deceased at the time he sustained his injury was engaged in work connected with a governmental function of the City of Oklahoma City and was not working at a hazardous occupation within the purview of the Oklahoma Workmen's Compensation Act, and that, therefore, the State Industrial Court was without jurisdiction to enter the award in favor of the claimant.

The solution of this problem requires a study of the historical background of 85 O.S.1961 § 2 as amended.

The employment of police officers of any incorporated city or town was brought within the "hazardous employment" provi-

sions of 85 O.S.1961 § 2 by amendment in 1963 (Okl.S.L., 1963, Chapter 54 § 1).

Prior to the 1963 amendment, we had held in several cases that police officers sustaining injuries in the line of duty were engaged in work constituting a governmental function of a city and were not entitled to the benefits of the Workmen's Compensation Act. Cravatt v. City of Oklahoma City, Okl., 295 P.2d 807; City of Duncan v. Ray, 164 Okl. 205, 23 P.2d 694; Mashburn v. City of Grandfield, 142 Okl. 247, 286 P. 789.

Since the 1963 amendment the right of policemen to receive benefits of the Workmen's Compensation Act although still employed in a governmental function of the municipality is not disputed. Town of Davenport v. Richardson, Okl., 447 P.2d 755.

In 1965, 85 O.S.1961 § 2 as amended was further amended, Okl.S.L., 1965, Chapter 237, to read as follows:

"Compensation provided for in this act shall be payable for injuries sustained by employees engaged in the following hazardous employments, to-wit: * * * members of a police department, members of garbage and sanitation departments and fire departments of any incorporated city or town, and all other persons engaged in hazardous employment for any incorporated city or town."

In several cases involving accidents occurring prior to June 17, 1965, the effective date of the 1965 amendment, we held that city employees working in street cleaning departments, the sewer cleaning departments or the garbage disposal departments of cities and municipalities were engaged in a governmental function of the municipality and therefore were not entitled to the benefits of the Oklahoma Workmen's Compensation Act. Oklahoma City v. Newell, Okl., 428 P.2d 281; Carter v. City of Tulsa, 201 Okl. 629, 208 P.2d 550; Payton v. City of Anadarko, 179 Okl. 68, 64 P.2d 878; City of Muskogee v. State Industrial Commission, 150 Okl. 94, 300 P. 627.

A clerk in the Sewer Maintenance Division of the Public Works Administration of the City of Oklahoma City testified that the work of such Sewer Maintenance Division was to "open clogged sewer lines;" and that the work of the deceased on occasion required him to supervise the digging up and repair of broken sewer lines. He described a sewer system as including sanitary sewers through which human waste flowed underground.

Webster's New International Dictionary describes a "sewer" as being:

"1. A ditch or surface drain.

"2. Now, an artificial, usually subterranean, conduit to carry off water and certain waste matter, as: (1) surface water due to rainfall; (2) household waste, as slops, waste water from sinks, baths, etc., and excreta consisting of urine and faeces; (3) waste water from industrial works."

In Anselmi v. City of Rock Springs, 53 Wyo. 223, 80 P.2d 419, 116 A.L.R. 1250, the court quoting from the New English Dictionary defines a sewer as being:

"1. An artificial watercourse for draining marsh land and carrying off surface water into a river or sea; (2) an artificial canal or conduit, usually subterranean, now used to carry waste water and the refuse from houses and towns. * * *"

In 80 C.J.S. p. 129 the author in defining the word "sewage" states:

"The primary meaning of the word 'sewage' is that which passes through a sewer, and a secondary meaning is derived from the usual character of the contents of a sewer, and as used in that sense the word signifies the refuse and foul matter solid or liquid, which is so carried off; excreted, as well as waste, refuse or foul matter, carried off in sewers and drains, whether open or closed, by water flowing therein."

It is patent that employee of a city engaged in work connected with the maintenance, repairing and opening up clogged sewer lines is in fact working in the "sanitation" department of the city within the purview of the 1965 amendment to 85 O.S.1961, § 2, although the records of the city may show him listed as an employee of the Sewer Maintenance Department. We so hold. We have held that in determining whether a particular employment comes within the provisions of the Oklahoma Workmen's Compensation Act the nature of the employment is controlling rather than the name given it. Holsey Appliance Co. v. Burrow, Okl., 281 P.2d 426.

Award sustained.

BERRY, V. C. J., and DAVISON, BLACKBIRD, JACKSON, HODGES, LAVENDER and McINERNEY, JJ., concur.