**H. & R. DISPOSAL SERVICE, Petitioner,**

v.

**Robert Henry HENDRICKS and State Industrial Court, Respondents.**

**No. 47102.**

Supreme Court of Oklahoma.

Oct. 29, 1974.

Richard L. Peaster, Young & Peaster, Tulsa, for petitioner.

Manners, Grennan & Merz, Jim Grennan, Oklahoma City, and Larry Derryberry, Atty. Gen., for respondents.

WILLIAMS, Vice Chief Justice:

This is an original proceeding brought by employer, H & R Disposal service, for the review of an order of the State Industrial Court awarding compensation for temporary total disability to claimant, Robert Hendricks.

There is little dispute as to the facts. Employer was a corporation engaged in the garbage disposal business, transporting garbage principally from commercial establishments such as motels and cafes to a dumping ground. Claimant's employment required him to ride on the rear end of the specially equipped vehicle used to transport the garbage. On March 26, 1973, claimant was injured when the driver of the vehicle suddenly engaged the brakes after running over a bicycle which had been left on the street, causing claimant to be slammed against a protruding handle.

On appeal, employer first argues that the garbage disposal business is not one of the employments listed as hazardous by 85 O.S.1971 § 2.

It may be conceded that the garbage disposal business, as such, is not listed. However, that section does include "transfer or storage" among the employments listed as hazardous.

In Kelley v. Risenhoover, Okl., 470 P.2d 334 at 336, this Court held in effect that "transfer" meant "transfer for hire", and, for that reason among others, vacated an award for claimant in a case where the freight being transported was the employer's own property.

We think a privately owned garbage disposal business meets the "transfer for hire" test.

Claimant argues, among other things, that the employer stipulated before the State Industrial Court that the employment was hazardous when counsel for the employer, in response to a question from the trial judge, said "No, we are not contending that business does not come under the Act". Possibly for this reason there is little evidence in the record as to the nature of employer's business, thus lending some justification to claimant's argument. However, since the question of whether the particular employment is hazardous is a jurisdictional question, we have nevertheless examined the record in that regard. From the record and briefs it is clear that the employer is a "private, independent" company engaged in the business for profit, thus justifying the conclusion that the garbage is transported for a fee. From the practical standpoint, the benefit received by the customer is the transfer of garbage from the premises. The fact that the matter transferred may have no intrinsic value is. immaterial; the business is still a "transfer" business.

Employer invites our attention to the fact that # 2 was amended in 1965 to include "members of garbage and sanitation departments and fire departments of any incorporated city or town" and argues that since employees of privately owned and operated garbage disposal companies are not mentioned in the amendment, they are not covered by our Workmen's Compensation Law.

Although this argument might ordinarily be persuasive, it cannot prevail in the case now before us. In the case of municipal employees, an additional question is involved—whether the activity being engaged in by the injured employee involved a governmental function. Before the 1965 amendment, this Court held in a long line of cases that municipal employees injured while working in the course of activity constituting a governmental function on the part of the municipality, including garbage department employees, were not covered by the Workmen's Compensation Law. See City of Muskogee v. State Industrial Commission, 150 Okl. 94, 300 P. 627; Schuster v. City of Clinton, Okl., 262 P.2d 157; Oklahoma City v. State Industrial Commission, 182 Okl. 621, 79 P.2d 575; Carter v. City of Tulsa, 201 Okl. 629, 208 P.2d 550.

■ In order to avoid the effect of these holdings, it was necessary for the Legislature, in the 1965 amendment, to specifically mention members of garbage departments of cities and towns, because of the "governmental function" question. Since the same necessity does not exist with regard to privately owned garbage disposal companies, the failure of our Legislature to mention them in the 1965 amendment does not justify a conclusion that they are not covered under the "transfer or storage" provisions of 85 O.S.1971, § 2.

■ We hold that employment in a privately owned company engaging for profit in the garbage disposal business is a hazardous employment within the meaning of the "transfer or storage" provisions of 85 O.S.1971, § 2.

■ In a second proposition employer argues in effect that the medical evidence is not sufficient to support the finding that claimant's injury arose out of, and in the

course of, his employment. This argument cannot be sustained. Dr. B, testifying for claimant, in response to a question based upon claimant's testimony and the history he gave to the physicians treating him, stated unequivocally that the " * * * injuries sustained while working for H & R Disposal Company are the cause of the low back disability".

The award is sustained.

DAVISON, C. J., and IRWIN, BERRY, LAVENDER, BARNES and DOOLIN, JJ., concur.

HODGES and SIMMS, JJ., dissent.